**Josephine DAUGHTERY, Plaintiff,**

v.

**LUCKY STORES, INC., and Eagles Food Store, Defendant.**

**No. 84–1382.**

United States District Court,
C.D. Illinois,
Peoria Division.

Feb. 27, 1985.

Richard Price, Jr., Peoria, Ill., for plaintiff.

Gerald D. Skoning, Chicago, Ill., William J. Snyder, Rock Island, Ill., for defendant.

ORDER

MIHM, District Judge.

In this action, which was removed to federal court by the Defendant on the basis of diversity jurisdiction, 28 U.S.C. § 1332, the Plaintiff brings a state law claim for wrongful discharge based on her alleged discharge from employment by the Defendant for filing a workers' compensation claim. The Defendant moves to dismiss the Plaintiff's complaint on the basis that this Court lacks subject matter jurisdiction over the state law action because it is preempted by applicable federal labor law.[1]

The State of Illinois has recognized the existence of a cause of action in tort enabling an employee to state a claim for discharge which was in retaliation for pursuing a workers' compensation claim. *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 384 N.E.2d 353, 23 Ill.Dec. 559 (1978). The Defendant asserts, however, that the workers' compensation claim is a federally protected right under the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"), and that the LMRA provides for an administrative mechanism to safeguard statutory employee rights. 29 U.S.C. §§ 151–168.

In *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 244, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959), the Supreme Court stated that:

"When it is clear or may fairly be assumed that the activities which a state purports to regulate are protected by section 7 of the Taft-Hartley Act, or constitute an unfair labor practice under section 8, due regard for the federal enactment requires that state jurisdiction must yield."

Accord, *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971), *Local 926, International Union of Operating Engineers v. Jones*, 460 U.S. 669, 103 S.Ct. 1453, 75 L.Ed.2d 368 (1983). The fact that the ultimate goal of the state is in accord with that of the National Labor Relations Board (NLRB) is irrelevant in considering the issue of preemption. *California State Counsel of Carpenters v. Associates General Contractors, Inc.*, 648 F.2d 527, 540 (9th Cir.1980), rev'd. on other grounds, 459 U.S. 519, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

It has been stated that:

"Labor preemption is a complex and confused area of the law. Preemption is a matter of congressional intent, but the labor statutes provide little or no guidance as to what aspects of state law Congress intended to preempt. (Citations omitted).

\* \* \* \* \* \*

Essentially, in any preemption case the court must attempt to weigh the state's interests against those of federal labor policy. See *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1372–73 (9th Cir.1984)."

*Olguin v. Inspiration Copper Co.*, 740 F.2d 1468, 1473 (9th Cir.1984).

In *Jackson v. Consolidated Rail Corp.*, 717 F.2d 1045 (7th Cir.1983), cert. denied —— U.S. ——, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984), the Seventh Circuit held that a state claim for retaliatory discharge was preempted by the Railway Labor Act, 45 U.S.C. § 153 (1976). In addressing the question of preemption, the court considered the state interest in regulating the conduct in question and the potential for interference with the federal regulatory scheme. 717 F.2d at 1053. The *Jackson* court relied heavily on the approach taken by the Supreme Court in *Farmer v. Brotherhood of Carpenters, Local 25*, 430 U.S. 290, 297, 97 S.Ct. 1056, 1061, 51 L.Ed.2d 338 (1977), in which it was held that the

---

1. The Illinois Supreme Court has agreed to review this same issue in the case of *Homer Ward v. The Howard P. Foley Co.*, —— Ill.2d ——, 469 N.E.2d 1115, 83 Ill.Dec. 181 (1984).

National Labor Relations Act did not pre-empt a tort action for intentional infliction of emotional distress under California law.

The *Farmer* analysis was also used in *Garibaldi v. Lucky Food Stores*, 726 F.2d 1367 (9th Cir.1984). In that case the Ninth Circuit allowed an employee to bring suit in state court alleging that he was discharged for reporting to local health authorities that his employer had ordered him to deliver a load of spoiled milk. The court held that the state's interest in enforcing its local health regulations was strong, and that California could use private tort actions to enforce these regulations without interfering with federal labor policy. The court stated that:

"It is clear that California's interest in providing a cause of action for a violation of public policy or a statute is the enforcement of the underlying statute or policy, not the regulation of the employment relationship.

\* \* \* \* \* \*

A claim grounded in state law for wrongful termination for public policy reasons poses no significant threat to the collective bargaining process; it does not alter the economic relationship between the employer and employee. The remedy is in *tort* distinct from any contractual remedy an employee might have under the collective bargaining contract. It further the state's interest in protecting the general public—an interest which transcends the employment relationship (citation omitted)."

726 F.2d at 1374, 1375. (Emphasis in original).

In *Kelsay v. Motorola, Inc.*, supra, the Illinois Supreme Court, in establishing the tort of wrongful discharge for filing of a workers' compensation claim, repeatedly highlighted the purpose of the Workers' Compensation Act, Ill.Rev.Stat. Ch. 48, § 138.1 et seq. (1983). The court stated that the Workers' Compensation Act is a humane law of a remedial nature providing for efficient remedies for and protection of employees by providing them with prompt and equitable compensation for work relat-ed injuries. As such, the Act promotes the general welfare of the state. 384 N.E.2d at 356–57, 23 Ill.Dec. at 562–63. The court stated that:

"(T)he legislature enacted the workmen's compensation law as a comprehensive scheme to provide for efficient and expeditious remedies for injured employees. This scheme would be seriously undermined if employers were permitted to abuse their power to terminate by threatening to discharge employees for seeking compensation under the Act. We cannot ignore the fact that when faced with such a dilemma many employees, whose common law rights have been supplanted by the Act, would choose to retain their jobs, and thus, in effect, would be left without a remedy either common law or statutory."

The *Kelsay* decision evidences that in recognizing a cause of action for wrongful discharge for the filing of a workers' compensation claim, the State of Illinois sought to ensure that employees will be provided with a remedy for work related injuries. The state interest is not in regulation of the employment relationship. A claim grounded in state law for wrongful termination for this public policy reason furthers the state interest in protecting the general public, an interest which, as in *Garibaldi*, transcends the employment relationship. See *Garibaldi*, 726 F.2d at 1375.

This conclusion is buttressed by the fact that pursuit of the state cause of action allows for little potential interference with the federal regulatory scheme. In *Wabco Construction and Mining Equipment Group*, 270 N.L.R.B. 126 (1984), the NLRB held that an employer's refusal to rehire a former employee who filed a workers' compensation claim more than one year after he voluntarily quit his position with the respondent did not constitute an unfair labor practice because the individual had not engaged in concerted activity protected under § 7 of the LMRA. The General Counsel in *Wabco* had relied upon the NLRB's decision in *Krispy Kreme Donut Corp.*, 245 N.L.R.B. 1053 (1979), enforcement de-

nied 635 F.2d 304 (4th Cir.1980), which held that the filing of a workers' compensation claim by an individual is protected concerted activity. In *Wabco,* however, the NLRB found that the employee's conduct did not constitute concerted activity, stating that:

> "In *Meyers Industries,* 268 NLRB No. 73, slip op. at 12 (Jan. 6, 1984), we held that '(i)n general, to find an employee's activity to be "concerted", we shall require that it be engaged in with or on the authority of other employees, and not solely by and on behalf of the employee himself.' In so doing, we overrule the precedent on which the General Counsel relies in this case.
>
> The record establishes that (the employee) acted alone and solely on his own behalf when he filed his worker's compensation claim. Thus, the facts of the case do not support a finding that (the employee) engaged in concerted activity as defined in *Meyers.* Accordingly, we shall dismiss the complaint."

*Wabco,* slip op. at 3. The *Wabco* decision was rendered subsequent to the decisions [2] cited by the Defendant in support of the proposition that the filing of a workers' compensation claim under state law is an activity protected by § 7 of the LMRA and that any retaliatory action based upon such activity is an unfair labor practice.

The instant case is distinguishable from *Olguin v. Inspiration Consolidated Copper Co.,* supra, relied upon by the Defendants. In that case, the court upheld the dismissal of plaintiff's state law tort action for wrongful discharge because it was preempted by federal labor law. The plaintiff had complained that he was discharged for complaining about mine safety conditions and engaging in concerted labor activity. Mine safety, the Ninth Circuit noted, is governed by the Federal Coal Mine Health and Safety Act, 30 U.S.C. §§ 801–962, and concerted activity is protected by the federal labor laws. 740 F.2d at 1475. In the case at bar, however, there is no federal

statute governing the Plaintiff's claim, and the NLRB has held that the action of a single employee filing a workers' compensation claim on his or her own behalf is not concerted activity protected by federal labor laws.

Similarly, *Jackson v. Consolidated Rail Corp.,* supra, is distinguishable from the case at bar. In holding that a state claim for retaliatory discharge was preempted by the Railway Labor Act, 45 U.S.C. § 153 (1976), the Seventh Circuit stated that the Railway Labor Act provides a stronger case for preemption than does the NLRA. The Railway Labor Act has made any grievance arising out of the collective bargaining agreement subject to the exclusive arbitral remedies contained in the Act, and thus a state claim is more likely to impinge on an area of exclusive administrative jurisdiction under that Act than under the NLRA. 717 F.2d at 1052.

Accordingly, the Court holds that Plaintiff's claim of wrongful discharge for filing a workers' compensation claim is not preempted by federal labor law. Defendant's Motion to Dismiss is DENIED.

---

**2.** See, *Ohio Brass Co.,* 261 N.L.R.B. 18 (1982), *Country Club of Little Rock,* 260 N.L.R.B. 151 (1982), *Miners Union, Local 29, Welfare, Pension and Vacation Funds,* 256 N.L.R.B. 170 (1981),

*Bay State Gas Co.,* 225 N.L.R.B. 99 (1982), *Krispy Kreme Donut Corp.,* 245 N.L.R.B. 1053 (1979), enforcement denied, 535 F.2d 304 (4th Cir.1980).