Rita **BOYLE, on behalf of the general public, Plaintiff,**

v.

**MTV NETWORKS, INC., a Delaware corporation, AT & T Inc., a New York corporation, Pacific Bell, Inc., a California corporation, and Does I–XX, Defendants.**

**No. C–90–2694–FMS.**

United States District Court, N.D. California.

April 23, 1991.

On Application to Stay Remand April 30, 1991.

Robert De Vries, Carolyn Gold, San Francisco, Cal., for Rita Boyle.

David M. Balabanian, McCutchen Doyle Brown & Enersen, San Jose, Cal., for MTV Networks, Inc.

**812**

Jonathan H. Krotinger, San Francisco, Cal., for AT & T Inc.

Joyce M. Norcini, Pacific Bell Legal Dept., San Francisco, Cal., for Pacific Bell.

## ORDER GRANTING REMAND

FERN M. SMITH, District Judge.

This matter is before the Court on Plaintiff's motion for remand. Plaintiff filed suit in state court seeking relief based on California law. Defendants removed to this Court, claiming that federal law preempts Plaintiff's state law causes of action and that Plaintiff had "artfully pleaded" around her true federal basis for relief. For the reasons discussed in this Order, Defendants' removal was inappropriate because this Court lacks subject matter jurisdiction; Plaintiff's motion to remand is therefore GRANTED.

## FACTS

On August 23, 1990, Plaintiff filed her first amended complaint in San Mateo Superior Court. She purports to bring her action on behalf of the general public and seeks injunctive relief and restitution for violation of California Business and Professions Code section 17200. The named Defendants are MTV Networks, Inc., a Delaware corporation ("MTV"); AT & T, Inc., a New York corporation ("AT & T"); and Pacific Bell, Inc., a California corporation ("PACBELL").

On September 19, 1990, Defendants timely removed the action to this Court. On October 3, 1990, Plaintiff filed her motion for remand.

The gravamen of the complaint is that Defendants have participated in games of chance, which are allegedly illegal under California Penal Code sections 319, 320, and 322. Specifically, Plaintiff alleges that defendant MTV has conducted lotteries on two nationwide television channels, and that defendant AT & T has provided 900 phone service for call-in entries to these lotteries. Fees earned from "900" calls are divided between defendants MTV and AT & T. Plaintiff alleges that Defendants AT & T, PACBELL, and various Does bill for these calls.

Plaintiff seeks restitution to callers billed for calls from California. In addition, she asks the Court to enjoin MTV from continuing its practice unless the following requirements are satisfied: (1) MTV must give equal publicity about the free mail-in method of entry to the games of chance when advertising the paid phone-in method; (2) Defendants must provide something of value for phone-in (paid) entries; and (3) Defendants must provide publicity about the minimum age requirement when advertising the game. Finally, Plaintiff seeks costs and attorney's fees, under California Code of Civil Procedure section 1021.5.

## DISCUSSION

The United States Code provides that in a case removed to the federal district court, "[i]f at any time before final judgment it appears that the district court lacks *subject matter jurisdiction*, the case shall be remanded." 28 U.S.C.A. § 1447(c) (West Supp.1990) (emphasis added). This Court's inquiry, therefore, is whether subject matter jurisdiction exists in this case. The burden of establishing jurisdiction falls on Defendants, as the party seeking removal. *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1371 (9th Cir.), *cert. denied*, 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987). Moreover, the Court must strictly construe the statute against finding removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir.1984). Finally, considerations of judicial economy, coordination of complex litigation, or convenience of the parties cannot be used to support removal jurisdiction. *Sullivan*, 813 F.2d at 1377.

## I. SUBJECT MATTER JURISDICTION.

The United States Code confers subject matter jurisdiction on federal district court only in limited circumstances. The two provisions pertinent to this case are federal question and diversity of citizenship. 28 U.S.C.A. §§ 1331, 1332. The requirements for jurisdiction under diversity of citizenship are not satisfied because the

parties are not completely diverse—both Plaintiff and Defendant PACBELL are citizens of California. 28 U.S.C.A. § 1332(a)(1), (c)(1). Additionally the amount in controversy is not satisfied. *Id.*

The federal question statute, section 1331, provides, on the other hand, that "district courts shall have original jurisdiction of all civil actions *arising under* the ... laws ... of the United States." 28 U.S. C.A. § 1331 (emphasis added). The pertinent inquiry, therefore, is whether Plaintiff's state law action is one "arising under" federal law. To determine whether a case meets this criterion, the federal courts examine the face of the complaint. The "well-pleaded" complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). This rule applies equally "to the original jurisdiction of the district courts as well as to their removal jurisdiction." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10 n. 9, 103 S.Ct. 2841, 2847 n. 9, 77 L.Ed.2d 420 (1983).

Plaintiff's complaint does not state a claim "arising under" federal law for three separate and independent reasons: (1) the "well-pleaded" complaint does not allege a federal claim; (2) Plaintiff does not have standing to sue in federal court; and (3) federal law does not "completely pre-empt" state law in this area. This Court does not, therefore, have subject matter jurisdiction and must remand this case to the state court under 28 U.S.C.A. section 1447(c).

### A. *The "Well–Pleaded" Complaint Rule.*

■ The underlying premise of the "well-pleaded" complaint rule is that a plaintiff is the master of his or her case and has the right to choose whether to rely on state or federal law. *Redwood Theatres, Inc. v. Festival Enterprises, Inc.,* 908 F.2d 477, 479 (9th Cir.1990), *citing The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411–12, 57 L.Ed.

716 (1913). If a plaintiff "can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal." *Sullivan,* 813 F.2d at 1371–72.

Moreover, the Supreme Court has repeatedly stated that " 'whether a case is one arising under ... a law ... of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's ... [complaint], unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.' ... For better or worse, ... a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd.,* 463 U.S. at 10, 103 S.Ct. at 2846–47 (emphasis in original), *quoting Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914). Furthermore, it is "settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption...." *Id.* at 14, 103 S.Ct. at 2848.

In *Franchise Tax Board,* the Supreme Court applied these principles to a state law suit to enforce a levy. The defendant removed to the federal district court, claiming that ERISA pre-empted the State's power to levy under the state statute. In a unanimous decision, the Supreme Court held that "a straightforward application of the well-pleaded complaint rule precludes original federal-court jurisdiction. California law establishes a set of conditions, without reference to federal law, under which a tax levy may be enforced; federal law becomes relevant only by way of a defense to an obligation created entirely by state law, and then only if appellant has made out a valid claim for relief under state law." *Id.* at 13, 103 S.Ct. at 2848.

■ The *Franchise Tax Board* Court went on, however, to state that "[e]ven though state law creates appellant's causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution

of substantial question of federal law in dispute between the parties." *Id.* at 13, 103 S.Ct. at 2848. The Court applied this reasoning to a declaratory judgment action brought to establish the rights and duties of the parties. Since the only questions in that claim concerned the parties' legal rights and duties under ERISA, the question of federal pre-emption was a necessary element of the declaratory judgment claim; therefore, it had to be part of the well-pleaded complaint, which thereby raised a question of federal law. *Id.* at 14, 103 S.Ct. at 2848–49. This is not the case here, however, because Plaintiff does not seek a declaration of rights under federal law. Indeed, she has scrupulously avoided federal claims.

The California statutes under which Plaintiff sues establish a set of conditions, without reference to federal law, under which liability attaches. Defendants claim that if they are forced to comply with these state laws, they will violate federal law prohibiting discrimination under the Federal Communications Act ("FCA") section 202, 47 U.S.C. § 202. Defendants argue that federal law therefore pre-empts Plaintiff's state law causes of action. This argument is asserted only as a defense to Plaintiff's state law cause of action; as a defense, it becomes relevant only after Plaintiff has made out a valid claim under state law. *Franchise Tax Bd.*, 463 U.S. at 13, 103 S.Ct. at 2848. This defense is insufficient to support removal. *Id.* Under the "well-pleaded" complaint rule, Plaintiff's claim does not "arise under" federal law. This Court does not have subject matter jurisdiction and remand is therefore appropriate.

B. *"Complete" Federal Pre-emption.*

Although the Plaintiff's first amended complaint does not disclose a federal claim, the federal courts have nonetheless developed exceptions to the "well-pleaded" rule, which limit a plaintiff's power to be master of his or her case. These doctrines authorize a court, in certain circumstances, to "look beyond the face of a plaintiff's complaint." *Redwood Theatres*, 908 F.2d at 479. They are referred to as the "artful

pleading" doctrine and the "complete pre-emption" [or "complete displacement"] doctrine. Although distinguishable, these doctrines are applied in similar situations and both require a court to look behind the face of the complaint.

1. *The "Artful Pleading" Doctrine.*

■ The "artful pleading" doctrine stands for the proposition that a plaintiff cannot defeat removal of a federal claim by disguising it as a state claim. If the only claim involved is one "arising under" federal law, then a federal court must recharacterize it as such and allow removal. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981); *Redwood Theatres*, 908 F.2d at 479. The "artful pleading" doctrine is rarely applied, however, except in cases in which federal law: (1) "completely pre-empts" state law, such as claims relating to collective bargaining agreements (LMRA § 301) and certain ERISA claims; and (2) supplants state law with a federal remedy. *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1285 (9th Cir.1989); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir.1987); *Sullivan*, 813 F.2d at 1372; *Federal Civil Procedure Before Trial* ¶ 2:714 (Rutter Group 1990).

The Ninth Circuit describes the "artful pleading" doctrine as "a narrow exception to the straightforward rules of removal jurisdiction, ... [in which] a court may recharacterize a plaintiff's claims as federal if 'the particular conduct complained of [is] governed *exclusively* by federal law.'" *Redwood Theatres*, 908 F.2d at 479 (emphasis added) (citations omitted). This doctrine may be invoked "'only in *exceptional circumstances*,' because doing so 'raises difficult issues of state and federal relationships and often yields unsatisfactory results.'" *Redwood Theatres*, 908 F.2d at 479 (citations omitted) (emphasis in original). The propriety of invoking the "artful pleading" doctrine depends on whether federal law has "completely pre-empted" Plaintiff's state law cause of action.

2. *The "Complete Pre-emption" Doctrine.*

■ The "complete pre-emption" doctrine provides that, in certain circum-

stances, the pre-emptive force of a federal statute is "so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim." *Stikes v. Chevron USA, Inc.*, 914 F.2d 1265, 1267 (9th Cir.1990), (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987) and *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987)).

■ In the kingdom of federal-state relations, there exists more than one species of pre-emption. The more common type of pre-emption dictates whether federal or state law is applicable to a particular case. *See West v. Northwest Airlines, Inc.*, 923 F.2d 657, 659–61 (9th Cir.1990) (explaining when federal law applies under explicit, implicit, and conflict pre-emption). This type of pre-emption has no effect on a federal court's removal analysis. *See Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430.

■ On the other hand, the rare type of "complete pre-emption" exists only in the realm of removal jurisdiction and remand. The Supreme Court has repeatedly stated that "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption...." *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430; *accord Metropolitan Life*, 481 U.S. at 63–64, 107 S.Ct. at 1546–47; *Franchise Tax*, 463 U.S. at 12, 103 S.Ct. at 2847–48. In cases of "complete pre-emption," however, removal is appropriate. *Id.* The relevant inquiry, therefore, is whether federal law "completely pre-empts" Plaintiff's state law claims.

The Supreme Court has found "complete pre-emption" only in limited circumstances. This concept "is applied primarily in cases raising claims pre-empted by § 301 of the [Labor Management Relations Act, 29 U.S.C. § 185]," *id.*, and certain claims under ERISA, *Metropolitan Life*, 481 U.S. at 65–66, 107 S.Ct. at 1547–48. This Court is aware of no case law which either applies the "complete pre-emption" doctrine to claims involving the FCA, or which sets out an analytical framework in which to apply the "complete pre-emption" doctrine to areas of law other than labor.

■ In determining whether removal jurisdiction is appropriate in this instance, this Court must apply the teachings of *Metropolitan Life* and *Caterpillar*. Removal is appropriate under the "complete pre-emption" doctrine when three conditions are satisfied: (1) the federal statute contains a jurisdictional statute similar to section 301 of the LMRA, *Metropolitan Life*, 481 U.S. at 65, 107 S.Ct. at 1547; (2) "Congress has clearly manifested an intent to make causes of action within the scope ... [of that statute] removable to federal court"; *id.* at 65–66, 107 S.Ct. at 1548; and (3) the state law claim falls within the scope of the civil enforcement statute, *Caterpillar*, 482 U.S. at 394–95, 107 S.Ct. at 2430–31.

The federal statute at issue here is the Federal Communications Act ("FCA"). Defendants assert that either section 202, 47 U.S.C. § 202(a) or the federal common law associated with the FCA pre-empts Plaintiff's state law causes of action for unfair business practices. Furthermore, Defendants claim that, because Plaintiff's state law causes of action are pre-empted, she has "artfully pleaded" around the appropriate federal claim. Section 202(a) makes it unlawful for a

> common carrier to make any unjust or unreasonable discrimination in ... practices ... or services ... or to make or give any undue or unreasonable preference or advantage to any particular person, class of persons, or locality, or to subject any particular person, class of persons, or locality to any undue or unreasonable prejudice or disadvantage.

47 U.S.C.A. § 202(a) (West 1962).

■ Plaintiff's state law causes of action against Defendants are all premised on Defendants' participation in unfair business practices as defined by the California Business and Professions Code, not on De-

fendants' discrimination, whether unreasonable or otherwise. After applying the *Metropolitan Life–Caterpillar* test, this Court finds that neither the FCA nor federal common law "completely pre-empts" California's statutes prohibiting unfair business practices.

The FCA's jurisdictional statute, Section 207, reads:

> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may ... bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter in any district court of the United States of competent jurisdiction....

47 U.S.C.A. § 207 (West 1962). Although the language of this statute parallels that of LMRA section 301, it is not a labor statute and therefore does not enjoy the same presumption of similarity that 29 U.S.C. § 1132(f) did. The Court expresses no opinion on whether this statute is sufficiently similar to the language of section 301 of the LMRA because the two remaining prongs of the test are not satisfied.

Although jurisdiction for a suit under FCA section 202 is arguably contemplated by section 207, Defendants have not pointed to and the Court is not aware of any language in the statute or its legislative history to support the proposition that Congress has *clearly manifested an intent to make such causes of action removable to federal court.* As a matter of fact, it would be impossible for Congress to have done this in the manner described in *Metropolitan Life, i.e.,* by referring to the federal courts' interpretation of section 301 of the LMRA, because the FCA was enacted before the Supreme Court decided *Metropolitan Life* and before the legislative history the Court cited was written.

Finally, Plaintiff's state law causes of action for unfair business practices based on illegal gambling do not fall within the scope of FCA sections 207 and 202. Plaintiff's action seeks restitution and an injunction against Defendants' allegedly unfair business practices, which are mostly based on illegal gambling; she does not seek to recover damages for discrimination. Accordingly, sections 207 and 202 of the FCA do not "completely pre-empt" Plaintiff's state law causes of action.

The question of whether federal law is the law to apply is separate from the question of whether removal is appropriate. Unless there is exclusive federal jurisdiction, an argument Defendants have not made, state courts are equally competent to apply federal law.

Defendants cite two Second Circuit cases for the proposition that Plaintiff's state law cause of action is pre-empted by the FCA. These cases, however, were decided before *Metropolitan Life* and *Caterpillar.* Additionally, *Nordlicht v. New York Tel. Co.,* 799 F.2d 859, 862–63 (2d Cir.1986), held that *federal common law,* rather than section 207 of the FCA, pre-empted the state law causes of action for fraud and for money had and received. In *Nordlicht,* the Second Circuit did not discuss the Supreme Court's "complete pre-emption" analysis, but instead followed its prior decision in *Ivy Broadcasting Co. v. AT & T,* 391 F.2d 486, 489–91 (2d Cir.1968). To the extent that the Second Circuit cases are inconsistent with the Supreme Court's analysis of "complete pre-emption," this Court respectfully declines to follow them.

Under the "well-pleaded complaint" rule, this Court does not have subject matter jurisdiction and remand is therefore appropriate.

### C. *Standing.*

■ As an independent basis for remand, Plaintiff asserts that she lacks standing to sue in federal court because she has not alleged personal injury. Standing is an integral component of subject matter jurisdiction. *Bender v. Williamsport Area School District,* 475 U.S. 534, 541–43, 106 S.Ct. 1326, 1331–32, 89 L.Ed.2d 501 (1986) (party sued in official capacity has no standing to appeal in individual capacity). If Plaintiff lacks standing, this Court has no subject matter jurisdiction and must remand the case to state court. 28 U.S.C.A. § 1447(c); *accord Maine Ass'n of Interdependent Neighborhoods v. Com-*

*missioner, Maine Dept. of Human Services*, 876 F.2d 1051, 1054 (1st Cir.1989) (citing Supreme Court decisions).

The parties spend considerable effort arguing this point. Defendants make three meritless arguments in support of the proposition that Plaintiff does have standing in federal court and has "artfully pleaded" around it: (1) Plaintiff has standing under the FCA as a representative of the public interest; (2) where the relief requested is equitable in nature, standing rules are interpreted liberally to allow representational standing where individuals might not otherwise be allowed to proceed; and (3) Plaintiff has standing under the *qui tam* statute, 31 U.S.C. § 3730(b)(1), to sue on behalf of the United States Government.

■ With respect to Defendants' first argument, Defendants fail to mention that the cases they cite, *Scripps–Howard Radio, Inc. v. FCC*, 316 U.S. 4, 14, 62 S.Ct. 875, 882, 86 L.Ed. 1229 (1942) and *Maier v. FCC*, 735 F.2d 220, 229 (7th Cir.1984), apply only to section 402(b)(6) of the FCA, which is not at issue in this case. The Supreme Court's opinion in *Sierra Club v. Morton*, 405 U.S. 727, 736–38, 92 S.Ct. 1361, 1367–68, 31 L.Ed.2d 636 (1972), clarifies this position. The *Sierra Club* Court also explained that the phrase "private attorney general" is used to describe "the function performed by persons upon whom Congress has conferred the right to seek judicial review of agency action." *Id.* at 737–38, 92 S.Ct. at 1367. The deprivation of a right conferred by the statute creates the injury required for standing. *Id.* Once review is properly invoked, however, the "private attorney general" may argue the public interest in support of his or her claim. *Id.*

■ With respect to Defendants' second argument, the Court merely notes that two key requirements of the two cases Defendants cite are not present here. Defendants have identified no federal statute purporting to create standing for Plaintiff. *Greater Los Angeles Council on Deafness v. Baldrige*, 827 F.2d 1353, 1358 (9th Cir. 1987). Nor is Plaintiff an organization seeking to protect actually injured members. *Alaska Fish and Wildlife Federation v. Dunkle*, 829 F.2d 933, 938 (9th Cir.1987), *cert. denied*, 485 U.S. 988, 108 S.Ct. 1290, 99 L.Ed.2d 501 (1988).

■ With respect to Defendants' third argument, Plaintiff did not sue under the *qui tam* statute and Defendants have not explained how Plaintiff's claim fits into its scheme.

Defendants' arguments are all inapposite. The Supreme Court has repeatedly held that

"at an irreducible minimum, Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,' and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision....'

The requirement of 'actual injury redressable by the court,' serves several of the 'implicit policies embodied in Article III.' "

*Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 542, 106 S.Ct. 1326, 1332, 89 L.Ed.2d 501 (1986), *quoting Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758–59, 70 L.Ed.2d 700 (1982) (quoting *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99, 99 S.Ct. 1601, 1607–08, 60 L.Ed.2d 66 (1979); *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 41, 96 S.Ct. 1917, 1924, 1925–26, 48 L.Ed.2d 450 (1976); *Flast v. Cohen*, 392 U.S. 83, 96, 88 S.Ct. 1942, 1950–51, 20 L.Ed.2d 947 (1968)).

■ Plaintiff specifically alleges that she sues only on behalf of the general public and that she has not herself suffered an injury from Defendants' actions. Moreover, this Court is bound to consider only the pleadings in determining whether Plaintiff has standing. "[B]ecause it is not 'sufficient that jurisdiction may be inferred argumentatively from averments in the pleadings,' it follows that the necessary factual predicate may not be gleaned from

the briefs and arguments themselves." *Bender*, 475 U.S. at 547, 106 S.Ct. at 1334 (citations omitted). Because the complaint provides no basis for finding that Plaintiff has standing in federal court, this Court lacks subject matter jurisdiction and must remand under 28 U.S.C. section 1447(c).

## II. COSTS AND ATTORNEY'S FEES.

■ In addition to providing a standard for remand, 28 U.S.C. section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Commentary on the 1988 Revision to the statute states that a court must find "that it was improper for the defendant to remove the case" before it can exercise its discretion to award costs and expenses.

Defendants' motion for remand was not improper because this case involves complicated issues which the case law has not specifically addressed. Plaintiff is not, therefore, entitled to her costs and expenses incurred in responding to Defendants' petition for removal.

### CONCLUSION

The Court lacks subject matter jurisdiction for three separate and independent reasons: (1) the "well-pleaded" complaint does not on its face state a claim "arising under" federal law; (2) Plaintiff's state law cause of action for unfair business practices is not "completely pre-empted" by sections 207 and 202 of the Federal Communications Act and (3) Plaintiff lacks standing in federal court. Accordingly, Plaintiff's motion for remand is GRANTED.

Plaintiff is not entitled to recover the costs and actual expenses that she incurred in responding to Defendants' petition for removal.

The Clerk shall mail a certified copy of this Order to the clerk of the San Mateo Superior Court.

IT IS SO ORDERED.

### ON APPLICATION TO STAY REMAND

This matter came before the Court on the *ex parte* application of defendant AT & T for an order staying this Court's order granting remand and certifying this matter for interlocutory appeal to the Court of Appeals. The Court having considered AT & T's application; finding no good cause to have been shown; and being otherwise fully advised in the premises, Defendant AT & T's Ex Parte application for 1) Stay of Order Granting Remand and 2) Certification of Interlocutory Appeal (28 U.S.C. § 1292(b)) is DENIED.

So Ordered.