**AMERICAN INMATE PHONE SYSTEMS, INC., Plaintiff,**

v.

**US SPRINT COMMUNICATIONS COMPANY LIMITED PARTNERSHIP, Defendant.**

**No. 91 C 5948.**

United States District Court, N.D. Illinois, E.D.

March 31, 1992.

Gary P. Hollander, Bixby, Lechner & Potratz, P.C., Chicago, Ill., for plaintiff.

Michael H. Kenny, Kenny & Kenny, Wheaton, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Now before the court is plaintiff's motion to remand this action to state court, pursuant to 28 U.S.C. § 1447(c). Plaintiff filed its two-count complaint in state court seeking relief based on Illinois law. Defendant removed the action to this court claiming that federal law preempts plaintiff's state-law claims. For the reasons set forth below, we hold that defendant's removal was improper because this court lacks subject matter jurisdiction. Plaintiff's motion to remand is granted.

## I. FACTS

Plaintiff American Inmate Phone Systems, Inc. ("AIPS") filed a two count complaint in the Circuit Court of Cook County against defendant US Sprint Communications Company Limited Partnership ("Sprint"). AIPS provides pay phone services to prisons and Sprint provides long distance phone service throughout the U.S.

In Count I of its complaint, AIPS alleges that Sprint entered into a verbal agreement to provide long distance service to AIPS and breached that agreement. The terms of the alleged agreement included: Sprint would waive all phone card surcharges to AIPS; Sprint would provide AIPS with forward discounting; Sprint would introduce procedures to reduce the number of fraud-

ulent phone calls; and Sprint would provide a written agreement including these terms. (Complaint, at 1–3) In Count II, AIPS alleges Sprint violated the Illinois Consumer Fraud and Deceptive Business Practices Act, ILL.REV.STAT. ch. 121½, paras. 261 *et seq.* (Complaint, at 3–5)

Sprint answered the complaint and filed a counter-claim alleging that AIPS entered into a written contract for tariffed phone service and subsequently breached that contract by failing to pay for the service provided. Sprint filed a petition to remove the action to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1446(b). Sprint asserted that the federal court had original jurisdiction over the case under the Communications Act, 47 U.S.C. §§ 151 *et seq.*, pursuant to 28 U.S.C. § 1331.

AIPS has now moved to remand this action to the Circuit Court of Cook County and requested attorney's fees and costs as a result of wrongful removal pursuant to 28 U.S.C. § 1447(c).

## II. DISCUSSION

### A. Standard of Review

■■■ On a motion to remand, the question before the court is its authority to hear a case pursuant to the removal statute.[1] *Commonwealth Edison Co. v. Westinghouse Elec. Co.,* 759 F.Supp. 449, 451 (N.D.Ill.1991). Whether removal was proper is determined from the record as a whole. *Kennedy v. Commercial Carriers, Inc.,* 739 F.Supp. 406, 409 (N.D.Ill.1990).

1. The removal statute provides:
   (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties....
   28 U.S.C. § 1441(b).

2. Neither AIPS nor Sprint has discussed the question of diversity jurisdiction. 28 U.S.C. § 1332. If AIPS and Sprint are of diverse citizenship and the amount in controversy exceeds $50,000, this court might well have jurisdiction over this suit independent of federal question jurisdiction. AIPS is an Illinois corporation. Complaint, at 1. Sprint is said to be Delaware-based limited partnership. This, however does

The party seeking removal, and not the party moving to remand, has the burden of establishing that the court has jurisdiction. *Commonwealth Edison,* 759 F.Supp. at 452. If the district court finds that it has no jurisdiction, the district court must remand the case to state court. *Commonwealth Edison,* 759 F.Supp. at 452.

### B. Subject Matter Jurisdiction

■■■ Federal district courts are courts of limited subject matter jurisdiction. In general, a civil action brought in state court may be removed to federal court only if it could have been originally brought in federal court. 28 U.S.C. § 1441. The federal courts have jurisdiction either when the parties to the lawsuit are of diverse citizenship or when the case involves a federal question. 28 U.S.C. §§ 1331, 1332. Sprint has not based its removal on diversity jurisdiction.[2] Therefore, the jurisdiction necessary for removal of this case must be based on a question of federal law. The appropriate inquiry is whether the AIPS' state-law claim arises under federal law.[3] *Boyle v. MTV Networks, Inc.,* 766 F.Supp. 809, 812–13 (N.D.Cal.1991).

■■■ When deciding whether a case warrants removal because a federal question is involved, a federal court must principally determine if the federal question appears on the face of plaintiff's complaint. *Illinois v. Kerr–McGee Chemical Corp.,* 677 F.2d 571, 575 (7th Cir.), *cert. denied,* 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982). A defendant cannot create a feder-

not settle the question of diversity of citizenship. For purposes of diversity citizenship, the citizenship of all a limited partnership's partners must be considered. *Carden v. Arkoma Assoc.,* 494 U.S. 185, 110 S.Ct. 1015, 1017–22, 108 L.Ed.2d 157 (1990); *Market Street Assoc. Ltd. Partnership v. Frey,* 941 F.2d 588, 589 (7th Cir.1991). In any event, Sprint has not pleaded diversity jurisdiction in its petition for removal and, therefore, we do not consider whether we have diversity jurisdiction.

3. The federal question statute provides:
   The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
   28 U.S.C. § 1331 (1991).

al question by asserting an issue of federal law in a pleading or in a petition for removal. *Kerr–McGee*, 677 F.2d at 575. On the other hand, removal is proper if the plaintiff has attempted to avoid a federal forum by drafting an essentially federal claim in terms of state law. *Kerr–McGee*, 677 F.2d at 575. To provide grounds for removal the federal question must be a key element of the plaintiff's complaint. *Kerr–McGee*, 677 F.2d at 575.

■ A federal question does not appear on the face of the plaintiff's complaint when a defense of federal preemption is raised. *Lister v. Stark*, 890 F.2d 941, 943 (7th Cir.1989), *cert. denied*, —— U.S. ——, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990). Therefore, a preemption defense does not authorize removal of a case to federal court. *Lister*, 890 F.2d at 943. The Supreme Court, however, has created an exception to this rule. *Lister*, 890 F.2d at 943 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987)). Under this exception, removal is proper when Congress has completely preempted an area of state law. When the complete preemption exception applies, the plaintiff's state-law claim is recharacterized as a federal claim. *Lister*, 890 F.2d at 943. Whether a cause of action has been completely preempted depends on the intent of Congress. *Lister*, 890 F.2d at 943.

Two inquiries are necessary to resolve the jurisdictional question of this case. *Lister*, 890 F.2d at 944. The first inquiry is whether a federal question appears on the face of plaintiff's complaint. If so, then the removal was proper. If no federal question appears on the complaint, the second inquiry is whether removal is proper under the complete preemption exception. *Lister*, 890 F.2d at 944.

In this case, AIPS' complaint does not allege a federal claim and federal law has not completely preempted state law in this area. As a result, this court does not have subject matter jurisdiction and must remand the matter to state court.

### 1. AIPS' Complaint

■ In the present case, Count I of AIPS' complaint alleges breach of a verbal contract entered into on or about March 12, 1990. Count II alleges violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. Sprint argues, however, that AIPS' complaint alleges a breach of a written contract for long distance service entered into by the parties on May 15, 1990. Sprint contends that a tariff is incorporated into this contract and, as a result, AIPS is alleging a breach of a tariff.

In fact, AIPS' complaint alleges breach of a verbal contract. Neither count alleges a violation of the Communications Act or any other federal law or of Sprint's tariff. A defendant cannot create a federal question by asserting an issue of federal law in a pleading or in a petition for removal. *Kerr–McGee*, 677 F.2d at 575. Therefore, no federal cause of action appears on the face of AIPS' complaint. As a result, the second inquiry is whether removal is proper under the complete preemption exception.

### 2. Preemption

To determine whether the complete preemption exception applies requires an inquiry into Congress' intent in enacting a statute. *Lister*, 890 F.2d at 943. A few courts have addressed preemption in the context of the Communications Act. In *Ivy Broadcasting Co. v. American Telephone & Telegraph Co.*, 391 F.2d 486 (2d Cir. 1968), the Second Circuit Court of Appeals found that the Communications Act completely preempted state common law actions against a telephone carrier for negligence or breach of contract. *Ivy* involved claims against AT & T for negligence and breach of contract. The court held that issues of duties, charges, and liabilities of telephone companies with respect to interstate communications service were to be governed solely by federal law. *Ivy*, 391 F.2d at 491. The court found that the states were precluded from acting in this area. The *Ivy* court considered various provisions of the Communications Act and found a congressional purpose of uniformity and equality of rates and service. *Ivy*,

391 F.2d at 491. According to the *Ivy* court, this purpose could be achieved only by the application of uniform federal law.

The court declines to follow *Ivy* for a number of reasons. First, the *Ivy* court did not address the "savings clause" of the Communications Act. The savings clause provides:

> Nothing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies.

47 U.S.C. § 414. Since *Ivy*, other courts have addressed the remedies Congress had in mind when enacting § 414. *See Comtronics, Inc. v. Puerto Rico Tel. Co.*, 553 F.2d 701 (1st Cir.1977). The *Comtronics* court interpreted § 414 as preserving state court claims for breaches of duties which are distinguishable from duties created by the Communications Act, such as breach of contract claims. *Comtronics*, 553 F.2d at 708 n. 6. Other courts have approved state-law claims for fraud and deceit as well. *See In Re Long Distance Telecommunications Litigation*, 831 F.2d 627, 633 (6th Cir.1987).[4]

A single court in this district has considered this question. In *Bruss Co. v. Allnet Communication Services, Inc.*, 606 F.Supp. 401, 411 (N.D.Ill.1985), Judge Nordberg determined that a complaint which alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Deceptive Trade Practices Act, was saved from preemption by § 414. In *Bruss*, the plaintiffs, former subscribers to the defendants' long-distance service, brought state-law claims for common law fraud and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Deceptive Trade Practices Act. Defendants moved to dismiss, arguing that the Communications Act preempted the state-law claims. *Bruss*, 606 F.Supp. at 409. The

court applied § 414 to preserve the state-law actions, reasoning that the duties owed by defendants under these causes of action were distinct from the duties created by the Communications Act. *Bruss*, 606 F.Supp. at 411. Moreover, the court reasoned that the state-law causes of action prohibited different conduct from that prohibited by the Communications Act. *Bruss*, 606 F.Supp. at 411. In addition, the causes of action did not conflict with the provisions of the Communications Act or interfere with Congress' regulatory scheme. *Bruss*, 606 F.Supp. at 411.

■ AIPS, like the plaintiff in *Bruss*, is alleging Sprint violated the Illinois Consumer Fraud and Deceptive Business Practices Act. In addition, AIPS alleges that the Sprint breached a verbal contract. We agree with the *Bruss* court that a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act is preserved by § 414 of the Communications Act. In addition, we are persuaded by the *Bruss* court's reasoning to conclude that the duties created by the verbal contract are distinct from the duties created by the Communications Act. We also find that the contract claim neither conflicts with the provisions of the Communications Act nor interfere with the regulatory scheme of the Act. The alleged verbal contract between AIPS and Sprint set up a business relationship whereby Sprint would sell long distance service under certain terms and that AIPS would buy the long distance service under the terms stated.

Sprint argues that the terms of the alleged contract, that Sprint would waive certain telephone surcharges, would provide forward pricing discounts and would protect AIPS from fraudulent telephone calls raise an issue of whether Sprint's charges are "fair and reasonable". Memorandum of Law in Support of Defendant's Petition for Removal, at 3. If this were true, then AIPS' suit would be specifically preempted

---

4. The *In re Long Distance Telecommunications Litigation* court compared § 414 to an almost identical savings clause contained in the Aviation Act, 49 U.S.C. § 1506. The court noted that the Supreme Court, in *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 96 S.Ct. 1978, 48

L.Ed.2d 643 (1976), which involved a common law action for misrepresentation, held the Aviation Act savings clause as not "'absolutely inconsistent'" with the common law action. *In re Long Distance Litigation*, 831 F.2d at 634 (quoting *Nader*, 426 U.S. at 300, 96 S.Ct. at 1985).

by the Communications Act. 47 U.S.C. §§ 201(b), 207.[5] However, the duty set forth in § 201(b) requiring "just and reasonable" practices is different than the duty allegedly breached by Sprint. AIPS is not alleging that Sprint's verbal promises were not just and reasonable. AIPS is alleging that Sprint made the promises to provide forward discounting, to waive certain surcharges and to protect AIPS from fraudulent charges and then did not fulfill these promises. AIPS is not alleging Sprint breached its statutory duty to act in a just and reasonable manner. Rather, AIPS is alleging Sprint failed to abide by a verbal contract the parties allegedly entered into, a contract imposing duties different than those found in the Communications Act.

While not controlling on us here, we note that the Illinois Supreme Court, in a case involving facts similar to *Bruss,* reached the same conclusion as that of the *Bruss* court. *See Kellerman v. MCI Telecommunications Corp.,* 112 Ill.2d 428, 98 Ill.Dec. 24, 493 N.E.2d 1045, *cert. denied,* 479 U.S. 949, 107 S.Ct. 434, 93 L.Ed.2d 384 (1986). In *Kellerman,* plaintiffs, who were subscribers to the defendant's long-distance service, brought action under the Illinois Consumer Fraud and Deceptive Practices Act and the Illinois Uniform Deceptive Trade Practices Act. The *Kellerman* plaintiffs charged that the defendant's advertising practices constituted breach of contract and common law fraud. *Kellerman,* 98 Ill.Dec. at 24, 493 N.E.2d at 1045. The court found that § 414 indicated Congress' desire to preempt only those claims which interfered with the congressional objective, embodied in the Communication Act, of providing a national communication system with adequate facilities at reasonable charges. However, the Illinois Su-

preme Court concluded § 414 would not preempt state-law claims for breach of contract and fraud which were not contrary to the Act's objectives.

It is reasonable to presume that State laws which interfere with Congress' objective of creating "a rapid, efficient, Nation-wide, * * * communication service with adequate facilities at reasonable charges" (47 U.S.C. sec. 151 (1982)), such as State attempts to regulate interstate carriers' charges or services, would be preempted by the Act. (*See, e.g. Komatz Construction, Inc. v. Western Union Telegraph Co.* (1971), 290 Minn. 129, 186 N.W.2d 691 (action against telegraph company for damages caused by delay in transmission of telegram is governed by Federal law).) However, we believe that section 414, when considered in the context of the entire act, should be construed as preserving State-law "causes of action for breaches of duties distinguishable from those created under the Act...." State law remedies which do not interfere with the Federal government's authority over interstate telephone charges or services, and which do not otherwise conflict with an express provision of the Act, are preserved by section 414.

*Kellerman,* 98 Ill.Dec. at 30, 493 N.E.2d at 1051 (ellipses original; some citations omitted). According to the court, claims involving the quality of the defendant's service or the reasonableness and lawfulness of its rates would be preempted, while actions relating to breaches distinguishable from the Act, in *Kellerman,* false advertising and breach of contract, could be pursued under state or federal law. *Kellerman,* 98 Ill.Dec. at 30–31, 493 N.E.2d at 1051–52.

AIPS' complaint does not allege that Sprint's charges are unreasonable or un-

---

**5.** Section 201(b) states:

All charges, practices, classifications and regulations for and in connection with such communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is declared to be unlawful....

Section 207 states:

Any person claiming to be damaged by any common carrier subject to the provisions of

this chapter may either make complaint to the Commission ..., or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies.

fair. AIPS does not attack the quality of Sprint's services. AIPS seeks to demonstrate the existence of a verbal contract and to hold Sprint to the terms of the contract. Alternatively, AIPS seeks to recover for Sprint's alleged misrepresentation. Despite Sprint's status as a common carrier controlled in large measure by statute, Sprint is still held to the same duties as normal business entities when entering into contracts or when making business representations. The need for a nationwide system of rapid, efficient communication does not alone justify a federal court's determination of exclusive jurisdiction. *Nordlicht v. New York Tel. Co.*, 799 F.2d 859, 864–65 (2d Cir.1986), *cert. denied*, 479 U.S. 1055, 107 S.Ct. 929, 93 L.Ed.2d 981 (1987); *Kellerman*, 98 Ill.Dec. at 3, 493 N.E.2d at 1052. Accordingly, AIPS' state-law contract claim is preserved by § 414.

The second reason the court declines to follow *Ivy* is because the analysis in *Ivy* predates relevant Supreme Court preemption analysis. The court in *Boyle v. MTV Networks, Inc.* analyzed the complete preemption exception in connection with the Communications Act. *Boyle*, 766 F.Supp. at 809. In *Boyle*, the district court held that plaintiff's claim under California's deceptive business practice act was not preempted by the Communications Act.[6] The court determined that the Supreme Court has found complete preemption only in limited circumstances. *Boyle*, 766 F.Supp. at 815 (primarily in cases raising claims preempted by § 301 of the Labor Management Relations Act). More importantly, in analyzing the complete preemption doctrine, the court noted that the Second Circuit's approach to preemption under the Communications Act, see *Nordlicht*, 799 F.2d at 864–65, *following Ivy Broadcasting Co. v. AT & T*, 391 F.2d 486 (2d Cir.1968), predated the Supreme Court's complete preemption analysis in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58,

107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) and *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). *Boyle*, 766 F.Supp. at 816. The *Boyle* court stated:

> Although jurisdiction for a suit under [Communications Act] section 202 is arguably contemplated by section 207, Defendants have not pointed to and the Court is not aware of any language in the statute or its legislative history to support the proposition that Congress has *clearly manifested an intent to make such causes of action removable to federal court.*
>
> \* \* \* \* \* \*
>
> Defendants cite two Second Circuit cases for the proposition that Plaintiff's state law cause of action is pre-empted by the [Communications Act]. These cases, however, were decided before *Metropolitan Life and Caterpillar*. Additionally, *Nordlicht v. New York Tel. Co.*, 799 F.2d 859, 862–63 (2d Cir.1986), held that *federal common law*, rather than section 207 of the [Communications Act], pre-empted the state law causes of action for fraud and for money had and received. In *Nordlicht*, the Second Circuit did not discuss the Supreme Court's "complete pre-emption" analysis, but instead followed its prior decision in *Ivy Broadcasting Co. v. AT & T*, 391 F.2d at 486, 489–91 (2d Cir.1968). To the extent that the Second Circuit cases are inconsistent with the Supreme Court's analysis of "complete pre-emption," this Court respectfully declines to follow them.

*Boyle*, 766 F.Supp. at 816 (emphasis original). We agree that the Second Circuit's approach to preemption under the Communications Act should not be followed.

We find that the AIPS' state-law claims for breach of a verbal contract and violation of the Illinois Consumer Fraud and

---

**6.** The *Boyle* court was examining § 202(a) of the Communications Act which prohibits a common carrier from practicing "unjust or unreasonable discrimination in … practices … or services…." 47 U.S.C. § 202(a); *Boyle*, 766 F.Supp. at 815. That the *Boyle* court was examining § 202(a), whereas here we are examining section 201(b), does not make the *Boyle* court's reasoning any less persuasive to us. Section 201(b) is similar to § 202(a) in that both sections prohibit unjust or unreasonable practices.

Deceptive Business Practices Act are not preempted by federal law.

### C. Costs and Attorney's Fees

██ AIPS has requested payment of costs and attorney's fees as a result of improper removal of this case. Title 28, section 1447(c) of the United States Code provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The present case involves complex issues and Sprint has presented a substantial jurisdictional question. *Boyle*, 766 F.Supp. at 817; *Turner v. Bell Federal Savings and Loan Association*, 490 F.Supp. 104, 105 (N.D.Ill. 1980). There is no indication that Sprint acted in bad faith. *Whitestone Savings and Loan Ass'n v. Romano*, 484 F.Supp. 1324, 1327 (E.D.N.Y.1980).

AIPS is not entitled to costs and expenses incurred in responding to Sprint's petition for removal.

### III. *CONCLUSION*

The court lacks federal question subject matter jurisdiction because AIPS' complaint does not state a federal claim and AIPS' state-law claim is not preempted by the Communications Act. AIPS' motion to remand this matter to the state court is GRANTED. AIPS is not entitled to attorney's costs and expenses incurred in responding to Sprint's motion. AIPS' requests for costs and attorney's fees is DENIED. This matter is REMANDED to the Circuit Court of Cook County, Illinois, County Department, Chancery Division.