Sean CASEY, Plaintiff,

v.

HINCKLEY & SCHMITT, INC., Defendant.

No. 92 C 8111.

United States District Court, N.D. Illinois, E.D.

March 8, 1993.

Arnold David Goldstein, Goldstein and Lamb, Chicago, IL, for plaintiff.

William Robert Sullivan, Jr., Laura R. Garger, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for defendant.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On November 10, 1992, plaintiff Sean Casey filed a two-count complaint in the Circuit Court of Cook County against Hinckley & Schmitt, Inc. ("Hinckley"), alleging wrongful termination (Count I) and breach of an implied contract (Count II). On December 11, 1992, Hinckley removed the action to this court on the basis that Casey's claim for breach of an implied contract is preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Presently before the court is Casey's motion to remand for want of subject matter jurisdiction and, for the reasons set forth below, the motion is denied.

## I. Background

Casey was hired by Hinckley as a water driver on June 24, 1991. During the course of his employment between August 6, 1991 and August 29, 1991, Casey suffered two work-related injuries. First, on August 6, 1991, Casey injured himself while manually transferring bottles of water from his broken-down truck to another truck. Three days after returning to work, on August 29, 1991, Casey hit a parked car while driving his assigned route. As a result of this second accident, Hinckley suspended Casey from his employment. On September 29, 1991, based on a determination by Hinckley's Safety Review Board that both of the accidents were avoidable and occurred within six months of each other, Hinckley terminated Casey's employment.

On November 10, 1992, Casey filed a two-count complaint against Hinckley in the Circuit Court of Cook County. Count I alleges wrongful termination. Count II asserts a cause of action for breach of an implied contract. Specifically, Casey claims that Hinckley was obligated under certain work rules and regulations to give a written warning respecting the first accident. Hinckley removed the action to this court on December 11, 1992, claiming federal jurisdiction on the basis that Casey's claim for breach of an

implied contract is preempted by Section 301 of the LMRA, 29 U.S.C. § 185(a).

## II. Standard of Review

■ In considering a motion to remand, the court's focus is limited to its authority to hear the case pursuant to the removal statute, 28 U.S.C. § 1441(b).[1] *American Inmate Phone Sys., Inc. v. U.S. Sprint Communications Co.,* 787 F.Supp. 852, 854 (N.D.Ill.1992); *Commonwealth Edison Co. v. Westinghouse Elec. Co.,* 759 F.Supp. 449, 451 (N.D.Ill.1991). Whether removal was proper is determined from the record as a whole. *Kennedy v. Commercial Carriers, Inc.,* 739 F.Supp. 406, 409 (N.D.Ill.1990). The party seeking to preserve the removal, and not the party moving to remand, bears the burden of establishing that the court possesses jurisdiction. *Jones v. General Tire and Rubber Co.,* 541 F.2d 660, 664 (7th Cir.1976); *American Inmate,* 787 F.Supp. at 854; *Commonwealth Edison,* 759 F.Supp. at 452. If the court determines that it does not have jurisdiction, it must remand the case to state court. *Commonwealth Edison,* 759 F.Supp. at 452.

Where the purported basis of jurisdiction is a federal question, the court generally confines its inquiry to the face of the complaint. *Illinois v. Kerr-McGee Chemical Corp.,* 677 F.2d 571, 575 (7th Cir.), *cert. denied,* 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982); *American Inmate,* 787 F.Supp. at 854. However, in cases where a defense of preemption is raised, a federal question usually does not appear on the face of plaintiff's complaint. *American Inmate,* 787 F.Supp. at 855. Nonetheless, it is well established that removal is proper when Congress has completely preempted an area of state law. *Lister v. Stark,* 890 F.2d 941, 943 (7th Cir.1989), *cert. denied,* 498 U.S. 1011, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990). In such cases, plaintiff's state-law claim is recharacterized as a federal question. *Id.*

## III. Discussion

Casey's argument in support of remand is twofold. First, Casey contends that he has never been a member of the Beer, Soft Drink and Miscellaneous Workers, Local Union No. 744 (the "Union"). As such, Casey claims that he was not subject to the collective bargaining agreement ("CBA") between Hinckley and the Union in effect at the time. Second, to the extent that Casey was a member of the Union and subject to the terms and conditions of the CBA, he nonetheless asserts that federal labor law does not preempt his claim in Count II, as such claim may be resolved without interpreting the CBA itself. Casey is mistaken on both fronts.

To substantiate his claim that he was not subject to the terms and conditions of the existing CBA, Casey states that he was not a member of the Union as he has not paid his initiation fees. However, the evidence set forth by Hinckley indicates otherwise. Approximately one week after his employment, pursuant to the terms of the CBA, Casey executed two documents: "Application and Checkoff Authorization and Assignment" and "Beverage Industry–Local Union No. 744 Health and Welfare Fund." By virtue of these documents, Casey authorized Hinckley to deduct from his paycheck certain union dues and assessments. Indeed, the payroll records submitted to this court indicate that such dues and fees were in fact deducted from Casey's salary on a weekly basis, conclusively establishing his union membership.

■ In any event, Casey's employment with Hinckley was subject to the terms and conditions of the CBA regardless of whether he agreed to join the Union. Under Article II of the CBA, Hinckley recognized the Union as the exclusive bargaining agent for all of its employees. Additionally, Article III provided that union membership was a condition of employment thirty days after the hiring of a new employee: "All present employees who are not members of the Union and all employees who are hired hereafter shall become and remain members in good standing of the Union as a condition of employment on and after the 31st day following the beginning of their employment...." As

---

1. 28 U.S.C. § 1441(b) provides in relevant portion: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties...."

the incidents relating to Casey's injury and termination occurred more than thirty days after his employment, any provisions of the CBA dealing with such occurrences govern. *See Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967) (Exclusive agents must represent all employees at the bargaining table.); *Ford Motor Co. v. Huffman,* 345 U.S. 330, 338, 73 S.Ct. 681, 686, 97 L.Ed. 1048 (1953) ("The employees represented often are members of the organization which represents them at the bargaining table, but it is not essential that they be such.").

Section 301 of the LMRA provides in pertinent part:

> Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

28 U.S.C. § 185(a) (1988). It is well established that § 301 confers federal jurisdiction over disputes involving CBAs and "authorizes the courts to fashion 'a body of federal law for the enforcement of these collective bargaining agreements.'" *United Steelworkers of Am. v. Rawson,* 495 U.S. 362, 368, 110 S.Ct. 1904, 1909, 109 L.Ed.2d 362 (1990) (*quoting Textile Workers v. Lincoln Mills of Alabama,* 353 U.S. 448, 451, 77 S.Ct. 912, 915, 1 L.Ed.2d 972 (1957)). Given the need for uniformity in this field, the preemptive force of § 301 is broad, displacing any "state-law cause of action for violation of collective bargaining agreements...." *Rawson,* 495 U.S. at 368, 110 S.Ct. at 1909; *see also Kelly v. Mercoid Corp.,* 776 F.Supp. 1246, 1254 (N.D.Ill.1991). Specifically, if the resolution of a state-law claim depends upon the meaning of a CBA, the application of state law is preempted and federal principles of labor law must be employed to resolve the dispute. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 413, 108 S.Ct. 1877, 1885, 100 L.Ed.2d 410 (1988); *In re Amoco Petroleum Additives Co.,* 964 F.2d 706, 709 (7th Cir. 1992).

In an effort to avoid the preemptive effect of § 301, Casey contends that his breach of implied contract claim would not require interpretation of the CBA, but rather "would only require a factual analysis of whether Defendant complied with its rules ... with respect to safety warnings." Memorandum in Support of Plaintiff's Motion to Remand to State Court at 3. However, the referenced rules are not entirely independent from the CBA. The CBA provides the relevant standard for employee discharge, *i.e.,* "cause." The rules represent an internal attempt by Hinckley's Safety Review Committee to determine when cause exists to discipline an employee who is involved in an accident. Clearly, Hinckley possesses authority under the agreement to implement reasonable rules to guarantee it complies with the standards set forth in the CBA. While Casey's suit alleges a breach of the rules and not of the CBA itself, there is no doubt that his claim actually implicates and arises under the provisions of the CBA. Accordingly, we hold that Count II is preempted by § 301 of the LMRA and, as such, Casey's motion for remand is denied.

## IV. Conclusion

For the reasons set forth above, we deny Casey's motion for remand. It is so ordered.