No. 82–386. KERR-MCGEE CHEMICAL CORP. *v.* ILLINOIS. C. A. 7th Cir. Certiorari denied. 

Opinion of JUSTICE BLACKMUN respecting the denial of the petition for writ of certiorari.

I realize that it is a tradition here that one seldom writes in support of the Court's decision to deny a petition for a writ of certiorari. See, however, *Castorr* v. *Brundage, ante,* p. 928 (STEVENS, J.); *James* v. *United States, ante,* p. 1044 (BRENNAN, J.); *Maryland* v. *Baltimore Radio Show, Inc.,* 338 U. S. 912 (1950) (Frankfurter, J.).

The reason I write in this case is that I fear that the content of the final paragraphs of the dissent will tend to create confusion in an area of law that seems to me to be fairly clear. It has been well established for many years that federal-question jurisdiction is present "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal] laws or [the Federal] Constitution." *Louisville & Nashville R. Co.* v. *Mottley,* 211 U. S. 149, 152 (1908). It is insufficient "that the defendant would set up in defense certain laws of the United States." *Id.,* at 153.

The dissent asserts, *post,* at 1051, that the Second Circuit in *North American Phillips Corp.* v. *Emery Air Freight Corp.,* 579 F. 2d 229 (1978), held that "the lack of reference to federal law in the complaint does not control the determination whether a federal question is presented." It would be more accurate to say that the Second Circuit held that lack of reference to federal law does not control the determination whether a federal *claim* is presented by the complaint. In the present case, as the dissent explains, *post,* at 1052, the issue is whether "a defendant's federal pre-emption claim presents a federal question." In other words, the issue is

whether a federal question is presented by a federal *defense* to a state-law *claim*. If a federal claim is presented by the complaint, there is federal-question jurisdiction even if the complaint is phrased in state-law terms; if, however, the complaint presents only a state-law claim, a federal defense does not create federal-question jurisdiction.

I thus perceive no conflict between the present case and *North American Phillips*, and no conflict between the present case and other cases cited by petitioner. In each of those cases, the courts followed *Mottley* and focused on the federal basis for the plaintiff's claim. Here, in contrast, the plaintiff's claim has no federal basis. The plaintiff could not have stated a federal cause of action no matter how it pleaded its case. Because there is no conflict, the Court, it seems to me, is on sound ground in denying the petition for a writ of certiorari.

JUSTICE WHITE, with whom JUSTICE MARSHALL joins, dissenting.

Petitioner Kerr-McGee Chemical Corp. (Kerr-McGee) owns a facility within the city limits of West Chicago, Ill., that has been used since World War II to produce compounds derived from radioactive natural ores. Since 1956, the facility has been licensed by the Nuclear Regulatory Commission or its predecessor. Although the facility has not been in active operation since 1973, some nuclear materials continue to be stored at the site.

In 1980, respondent State of Illinois filed a complaint against petitioner in an Illinois state court alleging that the operation and maintenance of the facility violate the Illinois Environmental Protection Act, Ill. Rev. Stat., ch. 111½, ¶1001 *et seq.* (1979), and other state statutes pertaining to the disposal of hazardous wastes. Kerr-McGee petitioned to have the State's case removed to federal court, arguing that the state regulations have been pre-empted by the Atomic Energy Act of 1954, 68 Stat. 921, as amended, 42 U. S. C.

§ 2011 *et seq.* (1976 ed., Supp. IV), which places the regulation of radioactive materials within the exclusive province of the Nuclear Regulatory Commission. The United States District Court for the Northern District of Illinois denied the State's motion to remand the case to the state court. The District Court found that the complaint necessarily involved the interpretation of federal law and thus was a claim "arising under . . . the laws of the United States" within the meaning of the removal statute, 28 U. S. C. § 1441(b).* The complaint was dismissed by the District Court on pre-emption grounds.

On appeal, the United States Court of Appeals for the Seventh Circuit held that removal was improper. The Court of Appeals found that the State's complaint did not rely on or even allude to federal statutes or case law and that there was no basis for concluding that the State had drafted the complaint in order to defeat removal. 677 F. 2d 571, 577 (1982). The issue of federal pre-emption, the court held, is "merely a defense to state law claims"; a defense based on federal law cannot be a ground for removal. *Id.*, at 578. The District Court's decision was reversed and the case was remanded with instructions to remand it to the state court. Petitioner now seeks review of the Seventh Circuit's decision.

The holding in the present case is in direct conflict with a decision in the Second Circuit, *North American Phillips Corp.* v. *Emery Air Freight Corp.*, 579 F. 2d 229 (1978). In *North American Phillips*, the Second Circuit found that the lack of reference to federal law in the complaint does not control the determination whether a federal question is presented. The court held that the substance of the allegations

---

*Section 1441(b) provides:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

must be reviewed in order to determine "whether a federal law is a pivotal issue in the case, one that is basic in the determination of the conflict between the parties." *Id.*, at 233.

The issue whether, or under what circumstances, a defendant's federal pre-emption claim presents a federal question sufficient to support removal of a state plaintiff's complaint which on its face raises only state claims, is a substantial one going to the heart of the power of federal courts to determine claims raised in state-court proceedings. The Court should grant this petition to resolve the conflict. Accordingly, I dissent from the denial of certiorari.