Bob ODOM, Plaintiff,

v.

**TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a corporation, Defendant.**

Civ. No. 84–3336.

United States District Court, S.D. Illinois.

May 2, 1985.

Cornelius T. Ducey, Sr., Ducey, Feder & Ducey, Ltd., Belleville, Ill., for plaintiff.

Timothy S. Richards and Richard M. Roessler, Gundlach, Lee, Eggmann, Boyle & Roessler, Belleville, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is plaintiff's Motion to Remand (Document No. 6). On August 15, 1984, plaintiff filed a one count Federal Employers' Liability Act (FELA) complaint in the Circuit Court, Twentieth Judicial Circuit, St. Clair County, Illinois against his employer for damages resulting from exposure to excessive noise. On October 31, 1984, the plaintiff amended his complaint to allege two counts of retaliatory discharge stemming from his filing of the original complaint. On November 5, 1984, the defendant removed the case on the grounds that the retaliatory discharge claims were federal question claims justifying removal. The plaintiff now seeks remand arguing that the FELA claim is not removable and that the retaliatory discharge claims are based on an independent state tort which does not fall within this Court's federal question jurisdiction and therefore neither in its removal jurisdiction.

Initially, the Court notes that the plaintiff is correct in his assertion that the FELA claim is not removable. Under 28 U.S.C. § 1445(a), actions brought against a railroad or its receiver in state court for damages for injury to railroad employees under the FELA, 45 U.S.C. § 51 *et seq.*, may not be removed. *Kansas City, S.R. Co. v. Leslie*, 238 U.S. 599, 35 S.Ct. 844, 59 L.Ed. 1478 (1915). Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3729. Here the plaintiff's negligence claim against his former railway employer is clearly one recognized under and brought pursuant to the FELA.

However, this does not end the Court's inquiry since the plaintiff has joined two retaliatory discharge claims against his employer which do not fall with the province of the FELA. The defendant contends that the plaintiff's joinder of these two claims with the FELA claim, triggers the provisions of 28 U.S.C. § 1441(c). This section states that:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

The defendant argues that the retaliatory discharge claims are separate and independent and would be removable if sued upon alone. Therefore, the defendant contends that the Court may retain jurisdiction over all of the claims.

The Court agrees with the defendant that the two retaliatory discharge claims are separate and independent from the FELA claim. *See Lewis v. Louisville & Nashville Railroad Co.*, 758 F.2d 219 (7th Cir.1985). The plaintiff alleges two wrongs: one stemming from the negligence; the other stemming from the bringing of the negligence claim.

The Court does not agree however, that the retaliatory discharge claims would be removable if sued upon alone. The defendant submits that these claims present a federal question since the employment context in question here is governed by the Railway Labor Act. However, the plaintiff has not brought the retaliatory discharge claims pursuant to the Railway Labor Act, but rather bases these claims on an independent state tort action for retaliatory discharge. To support the assertion of these claims the plaintiff cites the recent case of *Midgett v. Sackett-Chicago, Inc.*, 105 Ill.2d 143, 85 Ill.Dec. 475, 473 N.E.2d

1280 (1984), in which the Illinois Supreme Court, in a non-railway labor case, held that a wrongfully discharged employee is not limited to his contractual remedies, but could bring a state tort action for retaliatory discharge.

■ The defendant, on the other hand, contends that while Illinois may recognize an independent state tort for retaliatory discharge in other labor contexts, the detailed provisions of the Railway Labor Act preempt any state tort for retaliatory discharge in the railway context. The Court agrees that the Railway Labor Act preempts any state tort for retaliatory discharge. *In Jackson v. Consolidated Rail Corp.*, 717 F.2d 1045 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984) the Seventh Circuit, in a case very similar to the one before this Court, held that exclusive administrative remedies established by the Railway Labor Act preempted any state court action for retaliatory discharge. Likewise in *Daughtery v. Lucky Stores, Inc.*, 603 F.Supp. 975 (C.D.Ill.1985), the court, while holding that the National Labor Relations Act did not preempt a state tort for retaliatory discharge, recognized that the Railway Labor Act provides a stronger case for preemption than the NLRA.

■ Holding that such a preemption exists, however, still does not end the Court's inquiry. Generally, it is improper to invoke federal question removal jurisdiction via a defense such as preemption. *See* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3722 and the cases cited therein. But "where the pre-emptive effect of federal legislation is so complete as to exclude from application all state law on the subject, a case is removable regardless of the manner in which it has been alleged in the state court." *Oglesby v. RCA Corporation*, 752 F.2d 272, 276 (7th Cir.1985) (citing *Avco Corporation v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)). The preemption in question here is not based on federal protection of the conduct in question, in which case the state court would be required to apply federal law, but rather is based on preemption that relates to the subject matter jurisdiction of both this Court and the state court from which this case was removed. Therefore, the preemption effect is complete as contemplated in *Oglesby*.

■ Unfortunately for the defendant, not only do the provisions of the Railway Labor Act completely preempt a state tort for retaliatory discharge in a railway context, it provides the *exclusive* remedy for the claims. This point must be analyzed in light of the fact that this Court's removal jurisdiction is "derivative" in nature, meaning that the Court acquires jurisdiction from the state court from which the claims were removed. In other words, if the state court lacks jurisdiction over the subject matter, the federal court cannot acquire jurisdiction on removal. *People v. State of Ill. v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 575 (7th Cir.), *cert. denied,* 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982). *See also* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3722. Here, the defendant argues correctly that the retaliatory discharge claims are within the *exclusive* jurisdiction of the National Railway Adjustment Board. Hence, the Illinois court lacked jurisdiction over these claims, and under the derivative jurisdiction doctrine, this Court could not maintain removal jurisdiction over them. As such, they would not be removable claims as contemplated by § 1441(c). Further, this Court must dismiss these claims for lack of jurisdiction rather than remand them back to the state court.

Accordingly, the plaintiff's Motion to Remand is GRANTED IN PART AND DENIED IN PART. Count I of plaintiff's complaint is hereby remanded to the Twentieth Judicial Circuit, St. Clair County, Illinois. Counts II and III of plaintiff's complaint are hereby DISMISSED.

IT IS SO ORDERED.