**John G. PHILLIPS, Plaintiff,**

v.

**INTERCANTIERI, S.p.A., Econavi, S.p.A., Nichols Yacht Sales, Inc., a/k/a Hawk Racing Teams, and Federico Landucci, S.p.A., Defendants.**

**No. 87 C 2427.**

United States District Court,
N.D. Illinois, E.D.

Nov. 13, 1987.

John G. Phillips, John Kleta, Chicago, Ill., for plaintiff.

LeAnn Pederson Pope, Robert T. O'Donnell, Roland E. Eckert, Epton, Mullin & Druth, Chicago, Ill., for defendants.

### MEMORANDUM OPINION
### AND ORDER

ASPEN, District Judge:

 Currently before the Court is defendant Nichols' amended petition for re-

remains intact in the current statute. *See* Mo.     Ann.Stat. § 375.420 (Vernon 1986).

moval. This is Nichols' second attempt to remove. After Nichols' first attempt, we remanded the case to state court because all the served defendants had not joined in the petition. 28 U.S.C. § 1446(a). Nichols contended that the other defendants (from Italy) were improperly served because plaintiff Phillips had served the Italian defendants by way of service upon Nichols. We indicated that the proper place for a determination as to whether the Italian defendants were properly served is in state court and we remanded the case. After Nichols filed a motion for reconsideration, we entered an amended conditional remand order which allowed Nichols to file an amended petition for removal within ten days after "the state court has made a determination regarding the propriety of service on the Italian defendants." The language of this conditional remand order was the language specifically requested by Nichols. Unfortunately, upon remand the state court declined to consider the issue of proper service upon the Italian defendants. Nichols, rather than challenging the attempted service on *it* as an agent for the Italian defendants, attempted to challenge the service on the defendants as improper. Judge Thomas F. Hoffman then ruled that Nichols did not have standing to contest service on the Italian co-defendants. Our conditional remand order only grants Nichols the right to file an amended removal petition "after the state court has made a determination regarding the propriety of service on the Italian defendants." Nichols requested, and we gave it this language. The state court has not made a determination regarding the propriety of service on the Italian defendants. Accordingly, there is no basis for this amended removal petition.[1]

Nichols laments that it is unfairly being deprived of its right of removal. We, however, have no choice either. On the current record, Nichols may not remove without the Italian defendants. 28 U.S.C. § 1446(a). When we exercise removal jurisdiction, we infringe upon a state's sover-

eignty, and, accordingly, removal jurisdiction must be strictly construed. *Moser v. Bostitch,* 609 F.Supp. 917, 918 (D.C.Pa. 1985). *Accord People v. Kerr–McGee Chemical Corp.,* 677 F.2d 571, 576 (7th Cir.) ("the removal statute should be construed narrowly and against removal"), *cert. denied,* 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982). Any doubts should be resolved in favor of non-removal. *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir.1976). While we understand Nichols' dilemma, it is not unique. Although we find no cases which raise this specific factual situation, and Nichols cites none, there are many cases where, later-served defendants are unable to remove because the first-served defendant did not consent to removal within thirty days. *See, e.g., Hill v. Phillips, Barratt, Kaiser Engineering Ltd.,* 586 F.Supp. 944 (D.Me. 1984); *Brooks v. Rosiere,* 585 F.Supp. 351 (D.C.La.1984); *Ortiz v. General Motors Acceptance Corp.,* 583 F.Supp. 526 (N.D. Ill.1984); *Schmidt v. National Organization for Women,* 562 F.Supp. 210 (N.D.Fla. 1983); *Quick Erectors, Inc. v. Seattle Bronze Corp.,* 524 F.Supp. 351 (E.D.Mo. 1981). Thus, despite the later-served defendants' timely removal petitions, they could not remove because of the first-served defendant's failure to join. In a sense, we have a similar situation; because the Italian defendants have failed to file their appearances and either contest service or join in the removal petition, Nichols is being denied the ability to remove.

In conclusion, there is no basis for this second amended petition because the state court has not determined the issue of proper service. Thus, we have no jurisdiction. Because the thirty-day period has elapsed, we could only have jurisdiction upon the happening of the condition. Despite its alleged catch–22 position, we are bound to apply the removal statute narrowly, and we must resolve all doubts *against* removal. Accordingly, the amended petition for removal is denied, and this case is remanded

---

1. This assumes we had jurisdiction to enter the order on June 12, 1987. Because we are denying the petition for remand, we need not address Phillips' argument that we lacked jurisdiction to enter our June 12, 1987 conditional remand order.

to state court because it was removed improvidently and without jurisdiction. It is so ordered.