**Betty J. WOOD and Kevin S. Wood, Plaintiffs,**

v.

**VERMONT INSURANCE MANAGEMENT, INC. and John Middleton, Defendants.**

**Civ. A. No. 90–252.**

United States District Court, D. Vermont.

Oct. 23, 1990.

---

Edwin L. Hobson, Linton & Hobson, Burlington, Vt., for plaintiffs.

Heather Briggs, Downs Rachlin & Martin, Burlington, Vt., for defendant Middleton.

Anthony B. Lamb, Paul Frank & Collins, Burlington, Vt., for defendant Vermont Ins. Management, Inc.

## OPINION AND ORDER

PARKER, District Judge.

Defendant Middleton had this sexual harassment case removed to federal court and plaintiffs seek a remand to state court (and costs) pursuant to 28 U.S.C. § 1447(c). That statute provides in part that a case shall be remanded if "it appears that the district court lacks subject matter jurisdiction." Furthermore: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

Federal jurisdiction is absent here. To obtain removal jurisdiction on the basis that an action arises under federal law, "the general rule is that the federal question must appear in the complaint well pleaded." 1A Moore's Federal Practice

¶ 0.160[3.–1], at 231 (1990). "A genuine and present controversy, not merely a possible or conjectural one, must exist ... and the controversy must be disclosed upon the face of the complaint, unaided by the answer *or by the petition for removal.*" *Gully v. First National Bank in Meridian,* 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936) (Cardozo, J.) (emphasis added). See also *Illinois v. Kerr–McGee Chemical Corp.,* 677 F.2d 571, 575 (7th Cir.), *cert. denied,* 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982) ("a defendant's assertion of an issue of federal law in the pleadings or in the petition for removal does not create a federal question"). The complaint in this case makes no mention of federal claims. Plaintiffs seek to recover for emotional distress, physical injuries, sex discrimination, invasion of privacy, civil assault and battery, and wrongful discharge. These are proper state causes of action. See, e.g., 21 V.S.A. § 495 (unlawful for employer to discriminate on basis of sex). Removal jurisdiction is improper where the complaint does not plead a federal question, "unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983) (holding removal to federal court improper even though defense to suit was that federal law (ERISA) preempted state claim and complaint anticipated such defense). Accord *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987).

While the factual allegations in this case might also support one or another federal cause of action, plaintiffs have not chosen this route and are free to rely on state grounds. See *Travelers Indem. Co. v. Sarkisian,* 794 F.2d 754, 758 (2d Cir.), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986); 1A Moore's Federal Practice ¶ 0.160[3.–3], at 231–32. As plaintiffs state in their memorandum, the party bringing suit "is master to decide what law he will rely upon and therefore does determine whether he will bring a 'suit arising under' [federal law]." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). There is an exception:

> However, in certain limited circumstances a plaintiff may not defeat removal by clothing a federal claim in state garb, or, as it is said, by use of "artful pleading." In the words of a leading treatise,

>> [O]ccasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization. For instance, in many contexts plaintiff's claim may be one that is exclusively governed by federal law, so that the plaintiff necessarily is stating a federal cause of action, whether he chooses to articulate it that way or not. If the only remedy available to plaintiff is federal, because of preemption or otherwise, and the state court necessarily must look to federal law in passing on the claim, the case is removable regardless of what is in the pleading.

> 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3722, at 268–75 (2d ed. 1985) (citations omitted).

*Travelers Indem. Co. v. Sarkisian,* 794 F.2d at 758. The Second Circuit added:

> In its pristine form, the artful pleading doctrine is not a departure from the rule that the plaintiff is master of his complaint. If a plaintiff has pled what must necessarily be a federal claim, he has no state law available to choose as the basis for his suit. A similar but procedurally distinguishable instance of artful pleading occurs when a defendant argues not only that federal law preempts the state law on which a plaintiff relies but also that federal law provides no relief on the facts the plaintiff has alleged. In such circumstances, federal law is interposed solely as a defense, and removal jurisdiction will not lie.

*Id.* Where the elements of the state law claims are not virtually identical to the

purported federal claims, removal jurisdiction is not available. *Id.* at 761.

In short, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams,* 482 U.S. at 392, 107 S.Ct. at 2429. Although there is an exception to this rule where federal law completely preempts the field, *id.* at 393, 107 S.Ct. at 2430, that is not the situation here, and is not the reason advanced by defendant for keeping the matter in federal court. The gist of the exception to the well-pleaded complaint rule discussed in *Franchise Tax Board, Sarkisian,* and *Caterpillar, Inc.* is that a plaintiff cannot thwart the removal of a case by concealing a federal question that would necessarily have appeared if the complaint had been well pleaded. Far from concealing a federal question here, plaintiff expressly denies that one exists.[1]

Defendant, nonetheless, insists that the complaint does not rest exclusively on state law. " 'Masters' they may be, but they have not mastered a complaint which divests federal court of jurisdiction." This puts the cart before the horse. Plaintiffs are not burdened with *divesting* jurisdiction from the federal courts. Their burden is only to plead a federal question should they wish to *vest* jurisdiction of their complaint in the federal courts. Absent a federal question (or other Article III grounds), they belong in state court. The fact that plaintiffs did not specifically allege 21 V.S.A. § 495 in their complaint, as defendant emphasizes, may or may not present problems for them in pursuing their claims in state court, but it is certainly not a reason for this Court to assume jurisdiction.

The matter is remanded to state court and costs are awarded to the plaintiffs pursuant to 28 U.S.C. § 1447(c). Plaintiffs shall submit an affidavit to this Court within ten days detailing their expenses, including attorney fees.

Defendant has also moved to dismiss the action for failure to state a claim. That motion is denied in light of the remand order.

---

**1.** In fact, *both* parties argue that the claim cannot be made under federal law. Defendant's position appears to be contradictory and disingenuous.