Reginald F. LEWIS, Plaintiff,

v.

The TRAVELERS INSURANCE COMPA-
NY, the Travelers Indemnity Company
and Robert Lewis Hermann, Defen-
dants.

No. 90 Civ. 4447(MEL).

United States District Court,
S.D. New York.

Nov. 7, 1990.

Summit, Rovins & Feldesman, New York City (Leonard D. Steinman, of counsel), Hayes, Hume, Petas & Langberg, Los Angeles, Cal., for plaintiff.

Hebb & Gitlin, Hartford, Conn. (David G. Hetzel, Dennis O. Brown, of counsel), Moritt, Hock & Hamroff, Hempstead, N.Y., for Travelers Ins. Co. and Travelers Indem. Co.

LASKER, District Judge.

Reginald Lewis ("Lewis") moves to remand this case to the Supreme Court of the State of New York, and for costs and legal fees incurred in making this motion. The motion to remand is granted, but the motion for costs and fees is denied.

I

Lewis filed this action alleging libel, slander, and intentional infliction of emotional distress in New York state court against Travelers and defendant Robert Hermann ("Hermann"). Lewis' complaint alleges that Hermann falsely and maliciously told Travelers officials that Lewis had engaged in certain deceptive or fraudulent practices while Lewis controlled TLC Pattern, Inc. ("TLC"), and that roughly one year later Travelers made similar allegations against Lewis in a suit Travelers filed against Lewis alleging securities fraud in connection with TLC.[1] Lewis' complaint does not specifically state that Travelers "republished" Hermann's earlier statement, nor does it specifically allege that Hermann's prior

---

**1.** 89 Civ. 8030 (MEL), currently pending before this court. In that case, Travelers alleges securities fraud in Lewis' conduct as a principal of TLC Pattern, which was sold in a 1987 leveraged buyout, at which time Lewis' role in the compa- ny was diminished. Travelers subsequently purchased bonds in the resulting entity, and alleges that Lewis' pre-buyout behavior resulted in Travelers being denied access to material information in its later bond purchase.

statement caused Travelers' later complaint.

Travelers removed the libel action against it to this court; Lewis now moves for a remand.

## II

28 U.S.C. § 1447(c) provides:

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs....

In turn, the availability of removal is governed by 28 U.S.C. § 1441(c), which states:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

The seminal case interpreting Section 1441(c) is *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). There the Supreme Court noted that an "important purpose of Section 1441(c) was to limit removal from state court." 341 U.S. at 9–10, 71 S.Ct. at 537–538. The court went on to hold, "[W]e conclude that where there is a single wrong to the plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540. *Finn* and its progeny establish that Section 1441(c) should be read narrowly. *See, e.g., Illinois v. Kerr–McGee Chemical Corp.*, 677 F.2d 571 (7th Cir.), *cert. denied* 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982); *Mercy Hospital Ass'n v. Miccio*, 604 F.Supp. 1177 (E.D.N.Y.1985).

The parties agree that *Finn* is the controlling precedent. They disagree whether Hermann's and Travelers' allegedly libelous statements in fact give rise to "separate and independent" claims. Each side cites district court decisions from outside the Second Circuit which involve libel and republication and which support its position. *See, e.g., Gay v. Williams*, 486 F.Supp. 12 (D.Alaska 1979) (newspaper's republication of wire service story is separate and independent claim from original publication by wire service); *but see, e.g., Toanone v. Williams*, 405 F.Supp. 36 (E.D. Pa.1975) (videotaped statement and its subsequent rebroadcast not separate and independent claims).

Travelers argues that at least three considerations indicate that Lewis' claims against it are separate and independent from his claims against Hermann. First, it notes that Lewis' complaint does not allege any causal connection between Hermann's alleged statements and Travelers' subsequent similar statements. Second, it contends that under New York law an original defamatory statement and its republication constitute separate causes of action. Third, it suggests that Lewis alleges separate harms because his complaint demands different compensation from each defendant and asserts intentional infliction of emotional distress claims as well as libel and slander claims against the defendants.

Lewis responds that he asserts identical injury as a result of Hermann's and Travelers' actions, that is, an injury to his reputation in connection with his operation of TLC. He argues further that a fair reading of his complaint establishes that the two statements are closely related and not readily separable.

Although Lewis contends that his complaint clearly alleges identical claims against both defendants, his position oversimplifies the matter. The complaint is somewhat opaque because the different counts specify actions by different defendants, although it is true that the demands for judgment appear to make identical claims against both defendants.

Some courts have treated a defamatory statement and its republication as giving rise to separate and independent claims under Section 1441(c). However, such a result here would be an unduly

restrictive reading of that section and of Lewis' complaint. When taken in the context of Travelers' separate suit pending against Lewis and given the allegations made in the complaint, Lewis' complaint suggests that the two allegedly defamatory statements are related. The subject matter of the two statements is fundamentally identical, the harm is essentially the same, and there is at least an inferable causal connection between the two which may be developed as the litigation progresses. Because the removal statute is intended to be read narrowly and because the two cases involve such closely related facts, the claims are not separate and independent within the meaning of 28 U.S.C. § 1441(c). Accordingly, the order to remand is granted.

Under Section 1447(c), award of costs is within the district court's discretion. Travelers' removal of this claim does not appear to have been frivolous and is plausibly supported by some existing case law. For that reason, the motion for costs and fees is denied.

It is so ordered.