**CORPORATE TRAVEL CONSULTANTS, INC., individually and on behalf of all others similarly situated, Plaintiff,**

v.

**UNITED AIRLINES, INC., Defendant.**

**No. 92 C 350.**

United States District Court, N.D. Illinois, E.D.

Aug. 28, 1992.

## MEMORANDUM OPINION

GRADY, District Judge.

Plaintiff has moved to remand this case to the Circuit Court of Cook County on the basis that removal was defective. For the reasons stated below, the court grants plaintiff's motion.

## FACTS

Plaintiff Corporate Travel Consultants, Inc. filed this class action for injunctive relief and damages in the Circuit Court of Cook County. Plaintiff alleged that defendant United Airlines violated the Illinois Antitrust Act, Ill.Rev.Stat. ch. 38, §§ 60–1 to 60–11, by refusing to give discounts to travel agencies which would not use a computer reservations system designated by United. Defendant removed the case to this court on the bases of complete preemption, and alternatively the artful pleading exception to the well-pleaded complaint rule. Plaintiff now moves to remand this case to the Circuit Court.

## DISCUSSION

■ It has long been recognized that a plaintiff is generally the master of his complaint. *See The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411–12, 57 L.Ed. 716 (1913). As master, a plaintiff can plead whichever causes of action he chooses. *See id.* Thus, a plaintiff can generally avoid federal jurisdiction by pleading state causes of action and by not pleading federal causes of action. *See* Stanley Blumenfeld, Jr., Comment, Artful

Pleading and Removal Jurisdiction: Ferreting Out the True Nature of a Claim, 35 U.C.L.A.L.Rev. 315, 317 (1987).

■ The well-pleaded complaint rule governs removal of the case from state to federal court. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983). Under this rule, a defendant may remove the case to federal court only if a federal cause of action appears on the face of the plaintiff's complaint. *See id.* at 10, 103 S.Ct. at 2846–47. An exception to this rule is the artful pleading doctrine. A plaintiff may not avoid federal jurisdiction by "artfully pleading" a state claim for what is essentially a federal claim. *See People of State of Ill. v. Kerr-McGee Chem. Corp.,* 677 F.2d 571, 575 (7th Cir.), *cert. denied,* 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982). The most common artful pleading exception is the complete preemption rule. *See* Stanley Blumenfeld, Jr., Comment, *supra,* at 330, 339–40.[1]

According to the complete preemption rule, "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987). The Supreme Court has expressed a reluctance to find complete preemption: "On occasion, the Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987) (quoting *Taylor,* 481 U.S. at 65, 107 S.Ct. at 1547). Complete preemption has only been applied by the Supreme Court in cases implicating § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and § 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq. See Burda v. M. Ecker Co.,* 954 F.2d 434, 438 n. 5 (7th Cir.1992) (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), and *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)); *see also* Rebecca Hanner White,

---

1. The scope of the artful pleading exception outside of complete preemption remains unclear. In *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981), a case which did not involve preemption, the Supreme Court affirmed the Court of Appeals' finding that respondents artfully pleaded essentially federal law claims as state law claims. The Court did not further explain its decision, stating simply that it would not question the extensive factfinding of the district court. *See id.* In *Caterpillar Inc. v. Williams,* the Court indicated that little of the artful pleading exception exists beyond preemption. *See* 482 U.S. 386, 397, 107 S.Ct. 2425, 2431, 96 L.Ed.2d 318 (1987) (quoting Justice Brennan's dissent in *Moitie:* "Although 'occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization, ... most of them correctly confine this practice to areas of the law pre-empted by federal substantive law.'"). Defendant has cited a number of cases, none of which persuade this court to extend the artful pleading exception beyond complete preemption. The cited Seventh Circuit decisions do not apply the exception, or when the exception is applied, only apply it in the complete preemption context.

*See Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir.1976); *Illinois v. Kerr-McGee Chem. Corp.,* 677 F.2d 571, 575 (7th Cir.), *cert. denied,* 459 U.S. 1049 (1982); *Nuclear Eng'g Co. v. Scott,* 660 F.2d 241, 249 (7th Cir.1981), *cert. denied,* 455 U.S. 993, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982); *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1075 (7th Cir.1992). *Mechanical Rubber & Supply Co. v. American Saw & Mfg. Co.,* 747 F.Supp. 1292 (C.D.Ill.1990), the case mainly relied upon by defendant, also is not persuasive. Acknowledging that it relies upon no law, because it can find none and the defendant cites none, and that the federal antitrust laws do not preempt the state antitrust laws, the district court nonetheless concludes that plaintiff's complaint is federal in nature. *Id.* at 1296. The court states that "federal antitrust laws apply to acts affecting or occurring in the flow of commerce and that the Illinois antitrust laws apply to acts affecting intrastate commerce," because Illinois would not extend its antitrust laws to burden interstate commerce. *Id.* Because the Supreme Court has indicated that little of the artful pleading exception exists beyond preemption, this court does not believe that it would be wise to adopt the broad rule stated by the district court in *Mechanical Rubber.*

Section 301's Preemption of State Law Claims: A Model for Analysis, 41 Ala. L.Rev. 377, 405 n. 128 (1990); Eric James Moss, Note, The Breadth of Complete Preemption: Limiting the Doctrine to Its Roots, 76 Va.L.Rev. 1601, 1611–18 (1990).

The Supreme Court was even reluctant to extend complete preemption to ERISA, which has a "unique pre-emptive force." *Taylor*, 481 U.S. at 65, 107 S.Ct. at 1547. The Court stated that

> [e]ven with a provision such as § 502(a)(1)(B) that lies at the heart of a statute with the unique pre-emptive force of ERISA, however, we would be reluctant to find that extraordinary pre-emptive power, such as has been found with respect to § 301 of the LMRA, that converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. But the language of the jurisdictional subsection of ERISA's civil enforcement provision closely parallels that of § 301 of the LMRA.

*Id.* (citations omitted). The jurisdictional subsection of ERISA states:

> [t]he district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

29 U.S.C. § 1132(f); *see Taylor*, 481 U.S. at 65, 107 S.Ct. at 1547. And according to the LMRA,

> [s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to

the amount in controversy or without regard to the citizenship of the parties. 19 U.S.C. § 185(a). Furthermore, the legislative history of ERISA states that

> '[a]ll such actions in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor–Management Relations Act of 1947.'

*Taylor*, 481 U.S. at 65–66, 107 S.Ct. at 1547–48 (quoting H.R.Conf.Rep. No. 93–1280, p. 327 (1974)), U.S.Code Cong. & Admin.News 1974, pp. 4639, 5107.

 Preemption, like any defense, does not appear on the face of a plaintiff's complaint. Consequently, preemption itself is not a basis for removal. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. at 10, 103 S.Ct. at 2846–47. The Supreme Court has decided that complete preemption requires both federal preemption of state law and the Congressional intent to make the plaintiff's cause of action removable to federal court. *See Taylor*, 481 U.S. at 66, 107 S.Ct. at 1547–48. "[T]he touchstone of the federal district court's removal jurisdiction is not the 'obviousness' of the pre-emption defense but the intent of Congress.... [E]ven an 'obvious' pre-emption defense does not, in most cases, create removal jurisdiction." *Id.* The preemption case is thus distinguishable from the situation where a state court complaint expressly alleges a federal claim, *e.g.*, a civil rights claim under 42 U.S.C. § 1983. That claim is clearly removable.

 As for complete preemption in this case, defendant argues that § 105(a)(1) of the Airline Deregulation Act of 1978, 49 U.S.C.App. § 1305(a)(1),[2] together with §§ 411 and 204(a) of the Federal Aviation Act of 1958, 49 U.S.C.App. §§ 1381(a)[3] and

---

2. "Except as provided in paragraph (2) of this subsection, no State or political subdivision thereof and no interstate agency or other political agency of two or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier having authority under subchapter IV of this chapter to provide air transportation."

3. "The Board may, upon its own initiative or upon complaint by any air carrier, foreign air carrier or ticket agent, if it considers that such action by it would be in the interest of the public, investigate and determine whether any air carrier, foreign air carrier, or ticket agent has been or is engaged in unfair or deceptive practices or unfair methods of competition in air transportation or the sale thereof. If the

1324(a),[4] and § 1 of the Sherman Anti-Trust Act, 15 U.S.C. § 1,[5] completely preempt plaintiff's cause of action which was brought pursuant to the Illinois Antitrust Act. Defendant first argues that the Airline Deregulation Act of 1978 preempts the Illinois Antitrust Act, because plaintiff's cause of action relates to rates. The court agrees. Section 1305(a)(1) preempts states from "enact[ing] or enforc[ing] any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier." 49 U.S.C. § 1305(a)(1). In *Morales v. Trans World Airlines, Inc.*, — U.S. —, —, 112 S.Ct. 2031, 2037, 119 L.Ed.2d 157 (1992), the Court adopted the broad definition of "relates to" that it established for ERISA. It stated that "[s]tate enforcement actions [which had] a connection with or reference to airline 'rates, routes, or services' [were] pre-empted under 49 U.S.C.App. § 1305(a)(1)" even when the applicable state "law, rule, regulation, standard or other provision" was not specifically addressed to the airline industry. *See id.* — U.S. at — - —, at 2037-38. In *Morales*, the Court decided that state regulation of allegedly deceptive airline fare advertisements relates to rates, because "the obligations imposed by the guidelines could have a significant impact upon the airlines' ability to market their product, and hence a significant impact upon the fares they charge." *Id.* — U.S. at —, at 2040. Here, plaintiff has alleged that defendant violated the Illinois Anti-Trust Act by denying discount rates to plaintiff and other travel agencies which did not use a particular computer reservations system. Given the broad meaning which has been given the terms "relates to," the court finds that this action relates to airline rates. The Illinois Antitrust Act, which governs anticompetitive behavior, will have "the force and effect of law relating to rates ... of" United, because United's challenged anticompetitive behavior involves the particular rates charged by United. *See* 49 U.S.C. § 1305(a)(1).

Defendant next argues that the Federal Aviation Act and the Sherman Anti-Trust Act together govern anticompetitive conduct by the airlines and that the Sherman Act provides the sole remedy for plaintiff. Defendant cites the legislative history of the Federal Aviation Act in support of its argument. In that history, Congress' intention to preempt state laws governing competitive practices is evident. The house report states that

> [i]n addition to protecting consumers, federal regulation insures a uniform system of regulation and preempts regulation by the states. If there was no Federal regulation, the states might begin to regulate these areas, and the regulations could vary from state to state. This would be confusing and burdensome to airline passengers, as well as to the airlines.

H.R. No. 793, 98th Cong., 2d Sess. 4 (1984), *reprinted in* 1984 U.S.C.C.A.N. 2857, 2860. The report also addresses facts similar to this case. It states that

> [t]he CAB is currently considering allegations that large airlines which sell computer reservations systems to travel agents are using their monopoly powers in the CRS industry unlawfully to eliminate competition in the sale of air transportation. More recently, there have been concerns that large carriers will use the right to interline with them as a device to restrain competition unfairly.... Section 411 furnishes a means of

---

Board shall find, after notice and hearing, that such air carrier, foreign air carrier, or ticket agent is engaged in such unfair or deceptive practices or unfair methods of competition, it shall order such air carrier, foreign air carrier, or ticket agent to cease and desist from such practices or methods of competition."

**4.** "The Board is empowered to perform such acts, to conduct such investigations, to issue and amend such orders, and to make and amend such general or special rules, regulations, and

procedure, pursuant to and consistent with the provisions of this chapter, as it shall deem necessary to carry out the provisions of, and to exercise and perform its powers and duties under, this chapter."

**5.** "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal."

controlling abuses in this area, thereby helping preserve the system of interlining and the major benefits it brings to consumers.

*Id.* at 2861.

The question presented is whether this language in the legislative history of the Federal Aviation Act, the preemption provision in the Deregulation Act and the availability of a federal cause of action under the Sherman Anti–Trust Act is enough from which to conclude that Congress intended to make plaintiff's cause of action removable to federal court. Because the Supreme Court has expressed reluctance to invoke the complete preemption doctrine, it is necessary to compare this case to the areas and cases where this doctrine has been applied. Defendant has not pointed out, and the court does not find, any jurisdictional language in the Deregulation, Federal Aviation or Sherman Anti–Trust Acts similar to the language quoted above from ERISA and the LMRA. Another notable difference is that the Supreme Court's complete preemption cases have involved only individual federal statutes, while here, defendant attempts to show complete preemption by arguing one statute, enacted at one time, preempts the state cause of action and two other statutes, enacted at other times, evince the Congressional intent to make the state cause of action removable to federal court.

Defendant has mainly relied upon *Trans World Airlines, Inc. v. Mattox*, 897 F.2d 773 (5th Cir.1990), *aff'd in part, rev'd in part sub nom., Morales v. Trans World Airlines,* —— U.S. ——, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992) (did not address complete preemption issue), and *Illinois Corporate Travel, Inc. v. American Airlines, Inc.*, 889 F.2d 751 (7th Cir.1989), *cert. denied*, 495 U.S. 919, 110 S.Ct. 1948, 109 L.Ed.2d 311 (1990). In *Mattox*, the Fifth Circuit stated that "Congress did intend to preempt so completely the particular area of state laws 'relating to rates, routes, or services' as to preclude state court actions." 897 F.2d at 787. There, the court decided that a complaint filed in state court, which alleged a violation of the Texas Deceptive Trade Practices Act through deceptive advertising of air fares, was completely preempted by the Airline Deregulation Act. *See id.* at 787–88. In *Illinois Corporate Travel*, the Seventh Circuit held that the Airline Deregulation Act preempted plaintiff's state claims based on price advertising. 889 F.2d at 754.

These cases are not helpful to this court's analysis of the second part of the complete preemption question. First, *Illinois Corporate Travel* only concerns the initial preemption question. Second, the court is not convinced by the reasoning in *Mattox*. There, the Fifth Circuit did the initial preemption analysis but not the second part of the analysis. The court emphasized the express preemption provision in the Deregulation Act, *see Mattox*, 897 F.2d at 787–88, and did not analogize to the LMRA, ERISA or the Supreme Court cases involving complete preemption. The court did examine in some detail the legislative history of civil aviation. *See id.* at 776–78 (quoting H.R. No. 793, 98th Cong., 2d Cong., 2d Sess. 4 (1984), *reprinted in* 1984 U.S.C.C.A.N. 2857, 2860, which is also quoted *supra* ). That legislative history, however, simply demonstrates Congress' intent to preempt state regulation, not Congress' intent to make state causes of action removable to federal court.

The Supreme Court has been reluctant to extend the complete preemption doctrine. Indeed, the doctrine is an exception to the well-pleaded complaint rule, and exceptions, by their very nature, should be construed narrowly. Defendant has failed to show Congress' intent to completely preempt the Illinois Antitrust Act through the enactment of the Airline Deregulation, the Federal Aviation and the Sherman Anti–Trust Acts.

CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is granted.