Mary BOSSE, Plaintiff,

and

Wisconsin Department of Justice, Crime Victim Compensation Program and Group Health Cooperative of Eau Claire County, Subrogated Parties,

v.

Vincent PITTS, Palmetto Marketing, Inc., Sunshine Subscription Agency, Inc., Robert Cecil, Tina Michelle Ce-

cil, Gemini Subscriptions, Inc. and Brandon Green, Defendants.

No. 06–C–414–S.

United States District Court, W.D. Wisconsin.

Oct. 5, 2006.

Brandon Green, Forest Lake, MN, Pro se.

Cynthia J. Becker, Doerner, Saunders, Daniel & Anderson, Oklahoma City, OK, for Defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Mary Bosse commenced this personal injury action against defendants Vincent Pitts, Palmetto Marketing, Inc., Sunshine Subscription Agency, Inc., Robert Cecil, Tina Michelle Cecil, Gemini Subscriptions, Inc., and Brandon Green in Dunn County Circuit Court seeking monetary relief. Wisconsin Department of Justice, Crime Victim Compensation Program and Group Health Cooperative of Eau Claire County were named as subrogated parties to this action because both parties have paid benefits either directly to plaintiff or on her behalf for injuries she sustained in a July 1, 2005 assault. Defendants removed this action pursuant to 28 U.S.C. § 1441 alleging 28 U.S.C. § 1332 as grounds for removal. The matter is presently before the Court on plaintiff's motion to remand.[1] The following facts relevant to plaintiff's motion are undisputed.

## BACKGROUND

Plaintiff Mary Bosse is a citizen of the State of Wisconsin residing in Menomonie, Wisconsin.[2] Defendant Vincent

---

1. The Wisconsin Department of Justice, Crime Victim Compensation Program has joined in and adopted plaintiff's motion to remand, brief in support of her motion to remand, and reply brief in support of her motion to remand.

2. Both plaintiff's complaint and defendants' petition for removal discuss the residency of

Pitts is a citizen of the State of Florida residing in Parkland, Florida. Defendant Sunshine Subscription Agency, Inc. is a Florida corporation with its principal place of business in Broward County, Florida.[3] Defendants Robert and Tina Michelle Cecil are likewise citizens of the State of Florida residing in Coral Springs, Florida. Defendant Gemini Subscriptions, Inc. is a Florida corporation with its principal place of business in Jefferson County, Colorado and defendant Brandon Green is a citizen of the State of Minnesota currently residing in the Dunn County Jail located in Menomonie, Wisconsin.[4]

On July 1, 2005 defendant Green was soliciting magazine subscriptions door-to-door as part of his employment with defendant Gemini Subscriptions, Inc. On said date, defendant Green traveled to plaintiff's home and attempted to sell her magazines. However, plaintiff declined his offer. Defendant Green later returned to plaintiff's residence, forced his way into her home, and sexually and physically assaulted her.

On June 20, 2006 plaintiff commenced this personal injury action in Dunn County Circuit Court. Plaintiff named Wisconsin Department of Justice, Crime Victim Compensation Program and Group Health Cooperative of Eau Claire County as subrogated parties to this action because both parties have paid benefits either directly to plaintiff or on her behalf for injuries she sustained in the assault. Specifically, subrogated party Wisconsin Department of Justice, Crime Victim Compensation Program has paid plaintiff $280.89 in benefits to date. Defendants were served on or about July 17, 2006 and on August 1, 2006 they filed their notice of removal alleging diversity jurisdiction under 28 U.S.C. § 1332 as grounds for removal. On August 23, 2006 plaintiff filed her motion to remand.

## MEMORANDUM

Plaintiff asserts subrogated party Wisconsin Department of Justice, Crime Victim Compensation Program (hereinafter the Program) is a real party in interest to this controversy rather than simply a nominal party. Additionally, plaintiff asserts the Program is an arm of the State of Wisconsin which renders it stateless for diversity purposes. Accordingly, plaintiff argues her motion to remand should be granted because the Court lacks subject matter jurisdiction over this action as complete diversity does not exist under 28 U.S.C. § 1332. Alternatively, plaintiff argues her motion to remand should be granted because the Eleventh Amendment to the United States Constitution bars removal of this action. Finally, plaintiff requests an award of costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c).

---

the parties as opposed to their citizenship. However, the Seventh Circuit has determined that "[s]tate citizenship for the purpose of the state diversity provision is equated with domicile." *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir.1980). Accordingly, for purposes of diversity plaintiff is a citizen of Wisconsin and individual defendants are citizens of both Florida and Minnesota.

**3.** Defendant Sunshine Subscription Agency, Inc. was formally known as defendant Palmetto Marketing, Inc.

**4.** A prisoner is a citizen of "the state of which he was a citizen before he was sent to [jail] unless he plans to live elsewhere when he gets out, in which event it should be that state." *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir.2002) (citations omitted). In his affidavit filed in support of defendants' petition for removal defendant Green indicates that he was a resident of the State of Minnesota before he was incarcerated and he plans to return there when he is released. Accordingly, for purposes of diversity defendant Green is a citizen of Minnesota.

Defendants assert the Program is a nominal party to this controversy rather than a real party in interest because it does not have a substantial stake in the outcome of this action. Additionally, defendants assert the Program is not an arm of the State of Wisconsin which renders it a citizen of the State for diversity purposes making removal of this action proper. Accordingly, defendants argue plaintiff's motion to remand should be denied. Additionally, defendants argue removal is not prohibited by the Eleventh Amendment because this action has not been commenced against the Program and it is not being prosecuted against the Program. Finally, defendants request costs and attorneys' fees incurred in opposing plaintiff's motion to remand.

■ Generally, removal is appropriate only if a federal district court has original jurisdiction over the action. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993)(*citing* 28 U.S.C. § 1441). The party seeking removal bears the burden of establishing federal jurisdiction and removal statutes are narrowly construed. *Id.* (*citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Ill. v. Kerr–McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir.1982), *cert. denied*, 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982)). Additionally, any doubt regarding jurisdiction should be resolved in favor of the states. *Id.* (*citing Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976)).

The removal statute provides in relevant part as follows:

> ... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the ... defendants ...

28 U.S.C. § 1441(a). It is undisputed that plaintiff's action does not involve a federal question. Accordingly, the Court has original jurisdiction of this action only if diversity of citizenship exists. The diversity statute provides in relevant part as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States ...

28 U.S.C. § 1332(a). It is apparent from the face of plaintiff's complaint that her alleged claims (if proven) satisfy the jurisdiction amount in controversy. However, what is disputed is whether this action is between citizens of different States. Defendants argue the Program is a citizen of the State of Wisconsin while plaintiff argues the Program is stateless for diversity purposes because it is an arm of the State. Additionally, the parties dispute whether the Program is truly a real party in interest.

■■ It is well-settled law that a state is not a citizen for purposes of diversity. *Ind. Port Comm'n v. Bethlehem Steel Corp.*, 702 F.2d 107, 109 (7th Cir.1983)(*quoting Postal Tel. Cable Co. v. Ala.*, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231 (1894)). However, in determining whether diversity jurisdiction exists courts must look beyond the named parties and consider only the citizenship of the real parties in interest. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–461, 100 S.Ct. 1779, 1781–1782, 64 L.Ed.2d 425 (1980) (citations omitted). Accordingly, even assuming for the moment that the Program is an arm of the State of Wisconsin such status is irrelevant if the Program is simply a nominal party. As such, the Court must first determine whether the Program is a real party in interest to this controversy.

■ The focus of the real party in interest inquiry is on the essential nature and effect of the proceedings. *Adden v. Middlebrooks*, 688 F.2d 1147, 1150 (7th Cir.1982)(*citing Ex parte New York*, 256 U.S. 490, 500, 41 S.Ct. 588, 590, 65 L.Ed. 1057 (1921)). Accordingly, a party must have a "substantial stake in the outcome of the case" to be considered a real party in interest. *State of Wis. v. Abbott Laboratories, Amgen, Inc.*, 341 F.Supp.2d 1057, 1061 (W.D.Wis.2004) (citation omitted). Defendants argue the Program does not have a substantial stake in the outcome of the case because its only interest is in the recovery of the $280.89 it has paid to plaintiff. However, the specific dollar amount involved in this action does not affect the nature of this proceeding which involves the Program's subrogation rights.

Federal Rule of Civil Procedure 17 states that "[e]very action shall be prosecuted in the name of the real party in interest." The Supreme Court has determined that an insurer-subrogee qualifies as such a real party in interest. *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380, 70 S.Ct. 207, 215, 94 L.Ed. 171 (1949). Specifically, the court held that "[i]f the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name ... [i]f it has paid only part of the loss, both the insured and insurer ... have substantive rights ... which qualify them as real parties in interest." *Id.* at 380–381, 70 S.Ct. at 215 (internal citation omitted).

■ It is undisputed that the Program has paid for part of plaintiff's loss. Specifically, the program has paid plaintiff $280.89 which gives it subrogation rights under Wis. Stat. § 949.15. Accordingly, pursuant to the Supreme Court's holding in *Aetna Cas. & Sur. Co.*, the Program as a subrogee has substantive rights which

qualifies it as a real party in interest to this controversy regardless of the dollar amount involved. *Id.* at 380–381, 70 S.Ct. at 215.

■ With the real party in interest inquiry resolved, the Court must now determine whether the Program is an arm of the State of Wisconsin for diversity purposes. As previously stated, it is well-settled law that a state is not a citizen for purposes of diversity. *Ind. Port Comm'n*, at 109 (*quoting Postal Tel. Cable Co. v. Ala.*, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231 (1884)). However, it is equally well-established that "a political subdivision of a State, unless it is simply the arm or alter ego of the State, is a citizen of the State for diversity purposes." *Moor v. County of Alameda*, 411 U.S. 693, 717, 93 S.Ct. 1785, 1800, 36 L.Ed.2d 596 (1973) (citations and internal quotation marks omitted). The arm or alter ego status of a political subdivision is generally determined by examining state law. *Ind. Port Comm'n*, at 109 (*citing Moor*, at 718–720, 93 S.Ct. at 1800). Accordingly, diversity jurisdiction is present in this action only if the Program is an entity which is separate and distinct from the State of Wisconsin.

■ Courts have determined that a critical factor in deciding whether an agency is in fact an arm of the state is whether any judgment entered against such an agency will have to be paid out of the state treasury. *See e.g. Miller–Davis Co. v. Ill. State Toll Highway Auth.*, 567 F.2d 323, 327 (7th Cir.1977). However, the Program cannot incur any liability or have any judgments entered against it in this action. Accordingly, this "critical factor" is not applicable to the Court's present arm of the state analysis. As such, the Court's analysis must be guided by other factors including: (1) whether the Program may sue and be sued in its own name, (2)

whether any legislative provision stating that the Program performs an essential governmental function exists, (3) whether the Program has power to buy and/or sell property in its own name; and (4) whether the Program is accorded independent status under state law. *Adden,* at 1153 (citation omitted).[5]

■ The program's existence and operation is governed by Chapter 949 of the Wisconsin Statutes. In said chapter, Wis Stat. § 949.15(1) concerns the Program's right to sue. Said statute provides in relevant part as follows:

(1) Whenever the department orders the payment of an award under this chapter as a result of the occurrence of an event that creates a cause of action on the part of a claimant against any person, the department is subrogated to the rights of the claimant and may bring an action against the person for the amount of the damages sustained by the claimant. . . .

In connection with this statutory provision, "the department" means the Department of Justice. Wis. Stat. § 949.01(1m). Accordingly, Wis. Stat. § 949.15(1) does expressly grant the Department of Justice the right to sue in the Program's name. However, said right is limited to suing for the redress of injuries because Wisconsin courts have held that Section 949.15 is only remedial in nature. *Bruner v. Kops,* 105 Wis.2d 614, 619, 314 N.W.2d 892, 895 (Wis. Ct.App.1981). Accordingly, Chapter 949 does not grant the Program the affirmative right to commence suit in its own name. Additionally, no provision of Chapter 949 provides that the Program can be

sued in its own name. Accordingly, the first *Adden* factor weighs in favor of finding that the Program is an arm of the State of Wisconsin.

Next, the Court must address the second factor enumerated in *Adden.* The Program's general purpose can be determined by examining the legislative intent expressed in Wis. Stat. § 949.001 which provides in relevant part as follows:

The legislature finds and declares that the state has a moral responsibility to aid innocent victims of violent crime. In order to maintain and to strengthen our democratic system of law and social order, it is essential that the rights of the victim of a crime should be as fully protected as the rights of the criminal offender. Adequate protection and assistance of victims of crime will also encourage greater public cooperation in the successful apprehension and prosecution of criminal offenders. It is the intention of the legislature that the state should provide sufficient assistance to victims of crime and their families in order to ease their financial burden and to maintain their dignity as they go through a difficult and often traumatic period. . . .

Governmental functions have been defined as those involving the kind of power expected of government, "those of the essence of governing, public, mandatory or essential." *Kimps v. Hill,* 200 Wis.2d 1, 20, n. 12, 546 N.W.2d 151, 160 (1996) (citations omitted). Government is expected to use its power to both maintain a system of law and social order and apprehend and prosecute criminals. Such functions are

---

5. The court in *Adden* was presented with the question of whether the Louisiana Department of Corrections and the Louisiana Correctional and Industrial School were considered to be the State both for the purpose of defeating diversity and also for purposes of

the Eleventh Amendment (as in this action). However, the Court applied the same test to both issues. *See Adden,* at 1153–1154. Accordingly, the Court will do the same beginning with the diversity issue.

seen as essential. Accordingly, Section 949.001 is a legislative provision which states that the Program performs an essential governmental function. As such, the second *Adden* factor likewise weighs in favor of finding that the Program is an arm of the State of Wisconsin.

Upon review of Chapter 949, the Court failed to find any provision that grants the Program either the express or implicit right to buy and sell property in its own name. Accordingly, the third *Adden* factor also weighs in favor of finding that the Program is an arm of the State of Wisconsin.

Finally, no provision of Chapter 949 either expressly or implicitly provides that the Program is accorded independent status under State law. In the past, when the Wisconsin legislature has intended to accord such a status to a state agency it has expressed this intent by statute. For example, Wis. Stat. § 25.15 (which governs the State of Wisconsin Investment Board) provides that "[i]t is the intent of the legislature that the board be an independent agency of the state." Chapter 949 is devoid of any such language. Additionally, Section 949.001 expressly states that "the state should provide sufficient assistance to victims of crime and their families" which supports the finding that the Program does not have independent status under state law.

■ Accordingly, the Court finds that none of the factors enumerated in *Adden* support a finding that the Program is an entity which is separate and distinct from the State of Wisconsin. As such, the Program is an arm of the State and is considered stateless for diversity purposes which devoids the Court of subject matter jurisdiction of this action under 28 U.S.C.

§ 1332. Accordingly, removal was improper and this action must be remanded back to the Circuit Court for Dunn County, Wisconsin.[6]

■ Finally, plaintiff requests an award of costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides in relevant part as follows:

[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

The Seventh Circuit has determined that a party who succeeds in obtaining a remand on the basis that removal was improper is presumptively entitled to recover its fees. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir.2000) (citation omitted). Section 1447(c) is not a sanctions rule. Rather, it is a fee-shifting statute which grants a district court the authority to make the victorious party whole. *Garbie*, at 410 *(citing Tenner v. Zurek*, 168 F.3d 328, 329–330 (7th Cir.1999)). Accordingly, bad faith is not a prerequisite for an award of attorneys' fees under said section. *Id.* Rather, an award is proper when removal is unjustified under settled law. *Id.* An award of attorneys' fees and costs is appropriate in this action because removal was unjustified under settled law.

■ If the question were one of good faith, this would be a more difficult determination because defendants' arguments were not frivolous. However, the law in this area is well settled, a state is not a citizen for purposes of diversity, *Ind. Port Comm'n*, at 109 *(quoting Postal Tel. Cable Co. v. Ala.*, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231 (1884)), and the Program is an arm of the State of Wisconsin. Accordingly, removal was unjustified under 28

---

6. Because the Court found that removal was improper for lack of diversity, it need not address whether the Eleventh Amendment bars removal.

U.S.C. § 1332 and plaintiff is entitled to recover her costs and attorneys' fees incurred in seeking remand of this action.

## ORDER

IT IS ORDERED that plaintiff Mary Bosse's motion to remand is GRANTED.

IT IS FURTHER ORDERED that plaintiff's request for costs and attorneys' fees is GRANTED.

IT IS FURTHER ORDERED that this matter is remanded to the Circuit Court for Dunn County, Wisconsin.